## 43941. DAVIS et al. v. ROPER.

QUILLIAN, Judge. Since this appeal was taken from the dismissal of a third-party complaint the following rule is applicable. "When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Code Ann.* § 81A-154 (b) (Ga. L. 1966, pp. 609, 658.)

In interpreting the equivalent of this section in conjunction with Federal Rule 14 (*Code Ann.* § 81A-114; Ga. L. 1966, pp. 609, 627) the federal courts have held that where a defendant's motion to implead a third party is denied the order would not be appealable inasmuch as it does not finally dispose of any rights of the defendant. 3 Moore's Federal Practice 640,

§ 14.19 (Note 7); County Bank v. First Nat. Bank of Atlanta, 184 F2d 152. If the main claim remains pending, an order dismissing a third-party complaint lacks finality where the court does not execute a certificate pursuant to § 54 (*Code Ann.* § 81A-154). 6 Moore's Federal Practice 251, § 54.36 (Note 2); David v. District of Columbia, 187 F2d 204. Absent an express determination that there exists no just cause for delay and an express direction for entry of judgment, any order or other form of decision, however designated, which adjudicates less than all the claims does not terminate the action as to any of the claims. 6 Moore's Federal Practice 214, § 54.28 [1, 2] and 250, § 54.36; 3 Barron & Holtzoff, Federal Practice and Procedure, § 1193 (1968 pocket part, pp. 22-26). Republic of China v. American Express Co., 190 F2d 334, 338; Atkins, Kroll Ltd. v. Cabrera, 277 F2d 922; Thompson v. Trent Maritime Co., 343 F2d 200; Woodby v. Chesapeake & O. R. Co., 345 F2d 668.

In the instant case there was no certificate as provided by *Code Ann.* § 81A-154, or under the provisions of the 1968 amendment to the Appellate Practice Act. Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701). The order dismissing the third-party complaint was "subject to revision before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties," and was not a final judgment. See 6 Moore's Federal Practice 241, § 54.34 [1]. Hence, the appeal is premature and must be

*Dismissed. Bell, P. J., and Hall, J., concur.*

SUBMITTED SEPTEMBER 6, 1968—DECIDED MARCH 26, 1969.

*Scott & Bouwsha, Otis J. Bouwsha,* for appellant.

*Ellard & Frankum, Stephen D. Frankum, Kimzey & Kimzey, Herbert B. Kimzey,* for appellee.