26395.   COOK v. PEEPLES et al.
26396.   COOK v. JONES et al.

GRICE, Justice. These are companion suits for land. In each the plaintiff claims title by virtue of a deed from B, while the defendant relies upon a deed from W.

In each case the notice of appeal recites that it is taken from the following orders entered on the same date: (1) overruling the defendant's motion to dismiss the complaint; (2) requiring W to show cause why he should not be made a party therein; and (3) dismissing the defendant's cross complaint against B and refusing to make B a party.

In each appeal the appellee has moved to dismiss upon the ground that there is no judgment, ruling or order entitling the appellant to take the appeal.

We deem these motions meritorious.

These orders are not final and are not among those specifically designated as appealable under *Code Ann.* § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073). The records show no certificate authorizing immediate review.

In holding that the dismissal of the defendant's cross ,complaint is not a final order and therefore not appealable, we are not unmindful of *Code Ann.* § 81A-141 (Ga. L. 1966, pp. 609, 653). Subsection (b) declares, in material part, that "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this section, other than [exceptions not applicable here], . . . operates as an adjudication upon the merits," and subsection (c) recites that this applies to dismissal of a cross claim.

Rather, as to finality, we regard as decisive *Code Ann.* § 81A-154 (b) (Ga. L. 1966, pp. 609, 658), which provides as follows: "When more than one claim for relief is presented in an action,

whether as a claim, counterclaim, cross claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Here, in each case, the order striking the defendant's cross complaint against B did not adjudicate all the claims or all the rights and liabilities of all the parties, leaving undisposed of and awaiting trial the plaintiff and defendant as parties, the former's claim and the latter's cross claim against the plaintiff, insofar as the record shows. There was no determination or direction within the purview of *Code Ann.* § 81A-154 (b), supra.

Therefore the order was not final, but was "subject to revision . . . before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Code Ann.* § 81A-154 (b), supra.

In view of the foregoing, the order was not appealable. Cf. *Davis v. Roper,* 119 Ga. App. 442 (167 SE2d 685); *D. Davis & Co. v. Plunkett,* 119 Ga. App. 453 (167 SE2d 663); *Residential Developments, Inc. v. Dodd,* 122 Ga. App. 674 (178 SE2d 333).

Hence the appeals are premature and must be

*Dismissed. All the Justices concur.*

SUBMITTED MARCH 8, 1971—DECIDED APRIL 8, 1971.

*Otis L. Davis,* for appellant.

*Noland & Coney, Robert J. Noland, Robert J. James,* for appellees.