46652—46662. WHITLOCK v. THE STATE (11 cases).

ARGUED SEPTEMBER 9, 1971—DECIDED OCTOBER 8, 1971—REHEARING DENIED OCTOBER 15, 1971.

*Garland & Garland, Reuben A. Garland,* for appellant.

*Richard Bell, District Attorney, Dennis F. Jones,* for appellee.

BELL, Chief Judge. ■ The appeals in Cases Nos. 46652, 46653, 46654, 46655 and 46659 must be dismissed. The orders in these cases are denials of motions to require the State to furnish addresses of witnesses and discovery and inspection of particular evidence in possession of the State and to seek an order to permit the defendant's attorney to be present at all future examinations by the State of evidence now in its possession. None of these are appealable judgments. The nunc pro tunc certificates for immediate review were dated long after the expiration of the ten-day period required by the Appellate Practice Act, as amended. Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701 (a) (2). A nunc pro tunc entry of a certificate for immediate review cannot revive a right of appeal which has expired. *Baxter v. Long,* 122 Ga. App. 500 (4) (177 SE2d 712). A nunc pro tunc certificate of immediate review is without efficacy to support an appeal. *Cunningham v. Cansler,* 123 Ga. App. 614, 615 (181 SE2d 922).

■ Cases Nos. 46656, 46658, 46660 and 46662. The orders in these cases all are denials of motions for discovery and inspection of evidence possessed by the State. There was no error. The Supreme Court has repeatedly held that in Georgia there is no statute, nor any rule of practice allowing pre-trial discovery and inspection of evidence in possession of the State by the accused or his counsel. *Blevins v. State,* 220 Ga. 720 (2) (141 SE2d 426); *Cummings v. State,* 226 Ga. 46 (1) (172 SE2d 395).

■ Cases Nos. 46657 and 46661. Under the facts of this case there are several grounds legally justifying the search and seizure.

■ It is claimed that the search and seizure of the automobile was the fruit of an unlawful arrest. This contention has no merit as the arresting officers had probable cause to make the arrest. The evidence that the victim was pursuing a 1954 Ford, the observation of the witness of the two cars parked in the same vicinity where the victim was later found, coupled with the departure of the orange colored car at a high rate of speed and the furious police chase which thereafter ensued, furnished probable cause for the police to stop and arrest the defendant. The arrest was lawful and affords no basis for the suppression of any evidence. See *Pe-*

*ters v. State*, 115 Ga. App. 743 (156 SE2d 195).

We also have the situation here of a fleeing defendant, being pursued by the police who are bolstered with probable cause to arrest him, abandoning his car to the police on a public street and running. In a factually similar case the Court of Appeals for the Fifth Circuit in United States v. Edwards, 441 F2d 749, held that a defendant lost his right to any constitutional protection against search and seizure by his fleeing from his automobile after being chased at a high rate of speed by police. This principle has been sanctioned by the Supreme Court of the United States. Hester v. United States, 265 U. S. 57 (44 SC 445, 68 LE 898); Abel v. United States, 362 U. S. 217 (80 SC 683, 4 LE2d 668). The circumstances here are not sufficient to show an involuntary abandonment. To the contrary the facts show a free choice by the defendant to leave his car on the street. By this voluntary election, he lost his constitutional protection against the search and seizure of his car.

Even assuming arguendo that defendant did retain some constitutional right against an unreasonable search and seizure of his vehicle, the facts here reveal that the search and seizure were reasonable under constitutional standards. A distinction has long been drawn between a warrantless search of an automobile as opposed to a house or other structure. Carroll v. United States, 267 U. S. 132, 153 (45 SC 280, 69 LE 543, 39 ALR 790). In the Carroll case it was stated: "We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the Government, as recognizing a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because a vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." Carroll held that a warrant was unnecessary where there is probable cause to search an automobile stopped on the highway due to the mobility of the car. Here the same facts which furnished probable cause to stop and arrest the

defendant also furnished probable cause to search as a prudent police officer could reasonably conclude that a firearm probably was within defendant's car. In Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419), a warrantless search of an automobile was upheld. That case concerned the admissibility of evidence seized from an automobile in which the petitioner was riding at the time of his arrest. After being taken into custody the automobile was removed to a police station and was there thoroughly searched without a warrant. The Chambers case held that only in "exigent circumstances" will the judgment of the police, in lieu of a magistrate's, as to probable cause, serve as a sufficient authorization for a search. The Supreme Court in the Chambers case also held that, although it recognized that it was arguably preferable to seize the vehicle and thereafter proceed to obtain a warrant after presenting the probable cause issue to a magistrate, "For constitutional purposes we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." We think the facts of this case fall squarely within the holdings in the Chambers and Carroll cases. There was probable cause to search the vehicle and sufficient exigent circumstances to authorize a search at the scene as well as at the impound lot. We see no significance in the evidence that defendant's car was damaged in the collision requiring it to be towed to the police lot as opposed to being driven.

*Appeal dismissed in Cases Nos. 46652, 46653, 46654, 46655 and 46659. Judgments affirmed in Cases Nos. 46656, 46657, 46658, 46660, 46661 and 46662. Pannell and Deen, JJ., concur.*