28572. WALKER et al. v. ROBINSON.

JORDAN, Justice.

1. This case is here on certiorari to the Court of Appeals. See *Robinson v. A. Construction Co.,* 130 Ga. App. 56 (202 SE2d 248). In January 1972, Pearl M. Robinson filed her complaint against the A. Construction Company and L. T. Scarborough, with whom she had a contract to renovate the house owned by her within the area of the Model Cities Redevelopment Project in Atlanta, and against Johnathan Walker and Andrew Dennis, employees of the Atlanta Housing Authority and Urban Renewal who were assigned to this project as inspectors and supervisors. As stated by the Court of Appeals, this is basically an action for damages for fraud and deceit based on certain alleged misrepresentations of Dennis and Walker as a result of which the plaintiff was induced to sign a contract with a private contractor to do unnecessary work at a grossly inflated price, and through a conspiracy and concert of action between the inspectors and the contractor for the alleged mutual and illegal gain of these parties jointly. The defendants, Dennis and Walker, are further charged with failing to see that the work contracted for was in fact done, and with knowingly signing the final certificates of approval

and taking other actions the result of which was to obligate the plaintiff on certain loans for unconscionable sums for which no value accrued to her. The appellee defendants Dennis and Walker are thus alleged to have been an integral part of a conspiracy to defraud the plaintiff. Damages were sought against the defendants under three theories: (a) breach of contract; (b) fraud; and (c) conspiracy to defraud.

All of the defendants filed a motion to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. On March 23, 1973, the trial court entered an order granting the motion as to Dennis and Walker and denying the motion as to the other defendants.

From this order the plaintiff Robinson filed her appeal to the Court of Appeals, at which time Walker and Dennis moved that court to dismiss the appeal on the ground that it was premature since the judgment of the trial court was not final and the cause was still pending in the court below. The Court of Appeals denied the motion to dismiss, holding that the liability of coconspirators is joint and several and that where the right of action is joint and several an appeal from an order dismissing less than all of the parties defendant will lie without a certificate from the trial judge. We granted certiorari to review that ruling and now reverse.

The only question which concerns us here is whether, in a case involving joint claims against several defendants, an order dismissing the complaint as to some but not all of the defendants for failure to state a claim upon which relief can be granted is a final appealable judgment. Unless it is such a final judgment or is accompanied by a certificate of immediate review, an appellate court would not have jurisdiction of the appeal.

We view Code Ann. § 81A-154 (b) determinative of this question. That Code section states "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for*

*delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis supplied.)

The pleadings in this case show it to be a multi-party, multi-claim action. There has been no express determination or direction as to the finality of the order complained of within the purview of the above quoted Code section. Neither did the trial judge enter a certificate under the provisions of Code Ann. § 6-701 (a 2). Hence the appeal was premature and should have been dismissed by the Court of Appeals.

Code Ann. § 81A-154 (b) was applied in *Davis v. Roper,* 119 Ga. App. 442 (167 SE2d 685) (appeal from the dismissal of a third-party complaint); *D. Davis & Co. v. Plunkett,* 119 Ga. App. 453 (167 SE2d 663) (appeal from an order dismissing a third-party complaint); *American Mutual Liability Ins. Co. v. Moore,* 120 Ga. App. 624 (171 SE2d 751) (appeal from the denial of a motion to intervene); *Residential Developments, Inc. v. Dodd,* 122 Ga. App. 674 (178 SE2d 333) (appeal from the dismissal of a motion to join necessary party defendants); *Horn v. Terminal Transport Co.,* 126 Ga. App. 169 (190 SE2d 158) (appeal from the denial of a motion for summary judgment on res judicata grounds); and *Cook v. Peeples,* 227 Ga. 473 (181 SE2d 375) (appeal from an order dismissing the defendant's cross complaint). The same result was reached in *Russell v. Russell Transfer Co.,* 228 Ga. 478 (186 SE2d 101), though the Code section was not specifically cited therein. As to the applicability of amended Rule 54(b) in federal jurisdictions, see 6 Moore's Federal Practice (2d Ed.), 521-682, § 54.34[1] thru § 54.40. As to the appealability of the *grant* of a summary judgment to fewer than all the parties in a multi-party action, see *Burdell v. Georgia R. Bank &c. Co.,* 124 Ga. App. 828, 830 (186 SE2d 291), citing Code Ann. § 6-701

(a 4) and Code Ann. § 81A-156 (h).

In view of our holding that Code Ann. § 81A-154 (b) is determinative of the issue here involved, we need not enter into a discussion of the holding in *Robinson v. Bomar,* 122 Ga. App. 564 (177 SE2d 815), and the line of cases cited therein (most of which were decided prior to the Civil Practice Act) dealing with whether the action involved in those cases was a joint cause of action or a joint and several cause of action.

2. Having concluded that the order appealed from was not a final appealable judgment and that the Court of Appeals erred in not dismissing the appeal, it is not necessary to discuss the ruling of the Court of Appeals on the merits of the complaint as against the defendants Dennis and Walker.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 11, 1974 — DECIDED JUNE 12, 1974.

*King & Spalding, Jack H. Watson, Jr., C. David Vaughan,* for appellants.

*Lewis, Lewis, Spearman & Bynum, T. J. Lewis, Jr., Michael D. Brooks,* for appellee.