## 49790. VON WALDNER v. BALDWIN/CHESHIRE, INC. et al.

STOLZ, Judge.

1. The orders dismissing the defendant's third-party complaint and denying his motion to add the third-party defendant as a party defendant, were neither final nor appealable without a certificate for immediate review. Code Ann. § 6-701 (a1, 3) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073); *Zappa v. Ewing,* 117 Ga. App. 362 (160 SE2d 640); *Davis v. Roper,* 119 Ga. App. 442 (167 SE2d 685); *White v. Wright,* 124 Ga. App. 151 (183 SE2d 90) and cits.; *Campbell v. George,* 129 Ga. App. 73 (198 SE2d 713); *Benefield v. Elder Bldg. Supply Co.,* 132 Ga. App. 195, 197 (207 SE2d 678).

In *Cook v. Peeples,* 227 Ga. 473 (181 SE2d 375), the Supreme Court of Georgia based its holding of the non-appealability (absent a certificate for immediate review) of an order dismissing a cross complaint and refusing to make the cross-claim defendant a party, upon the provisions of Code Ann. § 81A-154 (b) (Ga. L. 1966, pp. 609, 658), which includes claims, counterclaims, cross claims, and third-party claims as claims, the action as to any of which shall not be terminated by "any order or other form of decision, however designated, which adjudicates fewer than all the claims" in the absence of the trial judge's express determination and direction. Here, as in *Cook,* the orders appealed from "did not adjudicate all the claims or all the rights and liabilities of all the parties, leaving undisposed of and awaiting trial the plaintiff and defendant as parties, the former's claim and the latter's cross claim [counterclaim, as the case sub judice? (Cf., definitions in Code Ann. § 81A-113 (Ga. L. 1966, pp. 609, 625))] against the plaintiff insofar as the record shows. There was no determination or direction within the purview of Code Ann. § 81A-154 (b), supra." *Cook,* supra, p. 474.

Although the Georgia Appellate Practice Act is patterned after the Federal Rules of Civil Procedure, a contrary result is not demanded by federal court decisions holding that appellate review is not limited to those final judgments which terminate an action. See

Eisen v. Carlisle & Jacquelin, —U. S.—(3) (94 SC 2140, 40 LE2d 732) (1974). 28 USCA § 1291 confers upon the courts of appeal, jurisdiction of appeals from "all final decisions" of the Federal District Courts. Since "all final decisions" is not statutorily defined, it is subject to judicial construction. Since our Appellate Practice Act (Code Ann. § 6-701, supra) specifies the orders and judgments which can be appealed from, there is no necessity for judicial construction, and we are bound by our statute, as applied by both appellate courts of this state. The rationale of cases exemplified by Eisen, supra, i.e., avoiding piecemeal appeals, is effected in Georgia by the statutory provision (§ 6-701 (a2)) for certificate for immediate review, which was available to the appellant.

2. The certificate for immediate review — having been filed on July 3, 1974, which was later than the ten days after the June 18, 1974 entry of the judgments appealed from allowed under Code Ann. § 6-701 (a2) — was ineffective to confer jurisdiction on this court to review the judgments; therefore, the appeal is subject to the appellees' motion to dismiss, pursuant to the provisions of Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29, as amended). *Unigard Mut. Ins. Co. v. Carroll,* 131 Ga. App. 699 (206 SE2d 603) and cit.

*Appeal dismissed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED OCTOBER 1, 1974 — DECIDED OCTOBER 15, 1974.

*Joseph B. Bergen, John J. Sullivan,* for appellant. *Falligant, Doremus, Karsman, Kent & Toporek, Julian H. Toporek, Fred S. Clark,* for appellees.