56209. THOMPSON v. CLARKSON POWER FLOW, INC. et al.
56210. SOUTHWEST GREASE & OIL (OMAHA), INC. v. CLARKSON POWER FLOW, INC. et al.

WEBB, Judge.
These are appeals from orders sustaining motions to dismiss third-party complaints in which the trial court, making the statutory declaration that there is no just reason for delay, has expressly directed the entry of final judgment as contemplated by CPA § 54 (b) (Code Ann. § 81A-154 (b)) dismissing the third-party defendants for lack of jurisdiction and venue. The main cause is still pending, however; and the interlocutory appeal

procedure, Code Ann. § 6-701 (a) 2, has not been followed. Consequently the orders appealed from, while no longer subject to revision because of the § 54 (b) determination and direction, are nevertheless not final within the meaning of the Appellate Practice Act so as to confer jurisdiction upon this court because the main cause is still pending below. Code Ann. § 6-701 (a); *Odom v. Odom,* 241 Ga. 451 (246 SE2d 308) (1978); *Ansaldi v. Dexter,* 145 Ga. App. 557 (244 SE2d 98) (1978).

While it is uncomfortable to note that § 54 (b) is thus without apparent purpose, we can only observe that this result is a reflection of those errors of closure which should come as no surprise where a portion of a procedural scheme of one jurisdiction is lifted from its context and engrafted upon that of another, but not consistent one, in this instance Federal Rule 54 (b) upon our Appellate Practice Act. Sears, Roebuck & Co. v. Mackey, 351 U. S. 427 (76 SC 895, 100 LE 1297) (1956), affords an example of the interplay between Rule 54 (b) and its federal milieu, i.e. 28 USC § 1291 providing that "The courts of appeals shall have jurisdiction of appeals from *all final decisions* of the district courts. . ." 351 U. S. at 431, supra. Thus the U. S. Supreme Court reasoned that it could, by judicial construction, define the statutorily-undefined term "final," and that the Rule 54 (b) determination would be taken as decisive.

But unlike the federal appeal statute our Appellate Practice Act contains its own definition of "final" "— that is to say — where the cause is no longer pending in the court below." Code Ann. § 6-701 (a) 1. As we said in *Spell v. State,* 120 Ga. App. 398, 399 (170 SE2d 701) (1969): "The word 'cause' is by no means novel to the present statute, having long appeared in predecessor statutes. More than fifty years ago this court stated that 'We think the word "cause," as used in [the] statute, refers to the entire case, the entire suit or litigation, and the entire question being litigated under the petition; and as long as any portion of the "cause" is pending in the court below, the "cause" cannot be carried to an appellate court' " except for special situations such as the grant of summary judgment (CPA § 56 (h) (Code Ann. § 81A-156 (h)), or the instances enumerated in Code Ann. § 6-701 (a) 3, or where several

defendants are sued jointly but not on a joint cause of action (*Sanders v. Culpepper*, 226 Ga. 598 (1) (176 SE2d 83) (1970)), or where the interlocutory appeal procedure has been followed (Code Ann. § 6-701 (a) 2), none of which obtain here.

In view of Ga. L. 1975, p. 757, enacting the new interlocutory appeal procedure and repealing the old system under which the appealability of interlocutory orders had been determined by the trial courts in their sole discretion, the contention that the same result should now follow via a § 54 (b) certificate is not well taken.

*Appeal dismissed. Quillian, P. J., Smith, Shulman and Birdsong, JJ., concur. Bell, C. J., Deen, P.J., McMurray and Banke, JJ., dissent.*

ARGUED JULY 11, 1978 — DECIDED SEPTEMBER 12, 1978 —
REHEARING DENIED OCTOBER 30, 1978 —

*Nicholas C. Moraitakis, Donald M. Fain,* for appellant (Case No. 56209).

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, J. M. Hudgins, IV, Ben S. Williams,* for appellant (Case No. 56210).

*Brown & Romeo, Robert Romeo, Sidney F. Wheeler, J. M. Hudgins, IV, Wehunt & Eason, Richard B. Eason, Jr., N. Forest Montet, Sam F. Lowe, Jr., Sam F. Lowe, III, Linde, Thompson, Fairchild, Langworthy & Kohn, Robert B. Langworthy,* for appellees.

McMURRAY, Judge, dissenting.

These two cases involve an order dismissing a third-party complaint (filed by each appellant) where there are multiple claims or multiple parties involved. See Code Ann. § 81A-154 (b) (CPA § 54; Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049). Here the trial court, after the consideration of evidence, concluded as a matter of law that the third-party defendant was not subject to the jurisdiction of that court, that is, was not doing business in Georgia and could not be served under the Long Arm Statute (Code Ann. § 24-113.1; Ga. L. 1970, pp. 443, 444). The court decreed that the motion to dismiss be granted

and then *pursuant to the provisions of Code Ann. § 81A-154 (b), supra, made an express determination that there is no just reason for delay of the entry of final judgment dismissing the third party defendant as a party from the captioned action and, "does, hereby, enter Final Judgment dismissing...[it]...as a party from the captioned action."* (Emphasis supplied.)

The majority here dismiss the appeal contending that this was not a final judgment, that is, not final within the meaning of the Appellate Practice Act, Code Ann. § 6-701 (a) 1; (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758), that is, "where the cause is no longer pending in the court below." See in this connection *Von Waldner v. Baldwin/Chesire, Inc.,* 133 Ga. App. 23 (209 SE2d 715), and *Benz v. Quality Electric Service, Inc.,* 141 Ga. App. 15 (232 SE2d 364). In the *Von Waldner* case Judge Stolz clearly pointed out that the court did not make a determination and direction within the purview of Code Ann. § 81A-154 (b), supra, citing *Cook v. Peeples,* 227 Ga. 473 (181 SE2d 375). Indeed, in *Cook v. Peeples,* Justice Grice likewise pointed out that there was no determination and direction within the purview of Code Ann. § 81A-154 (b), supra. See also in this connection *Davis v. Roper,* 119 Ga. App. 442 (167 SE2d 685); *D. Davis & Company v. Plunkett,* 119 Ga. App. 453 (167 SE2d 663); *Residential Developments, Inc. v. Dodd,* 122 Ga. App. 674 (178 SE2d 333). Thus, it is clear that in those cases the order was not final but was, "subject to revision. . .before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In these two cases on appeal, however, the trial court did direct the entry of final judgment and the court did make "an express determination that there is no just reason for delay of the entry of a Final Judgment. . ." Therefore, the judgment dismissing the third party complaint is absolutely final and binding, and it is subject to direct review on direct appeal under Code Ann. § 6-701 (a) 1, supra. See in this connection *Sanders v. Culpepper,* 226 Ga. 598 (1), 600 (176 SE2d 83) and cits.

The majority view here would require that the appellants wait until final adjudication of the *entire case* before consideration of the third-party complaint.

However, I do not consider this to be the purpose of the new Appellate Practice Act which allows the involvement of multiple claims and multiple parties in the litigation. As Chief Judge Bell pointed out in *Roach-Russell, Inc. v. A.B.R. Metals & Services, Inc.,* 138 Ga. App. 653 (227 SE2d 75), in dismissing the appeal, the order dismissing the complaint (with counterclaims pending) did not provide for the entry of a final judgment, that is, there was no "express determination that there is no just reason for delay . . . and an express direction for the entry of judgment." The appeal in that case was premature as the interlocutory appeal procedure was not followed authorizing the appeal, since the order did not contain such express determination and express direction as required by Code Ann. § 81A-154 (b), supra. As to the other cases cited by the majority, I do not find them controlling in anywise here. I cannot agree that this appeal should be dismissed as premature.

I, therefore, respectfully dissent from the dismissal of the appeals, although I have not and do not make a decision as to the merits as to the dismissal in the trial court. I am merely of the opinion that this court should review the appeals as same are final and binding on the parties below in the trial court and cannot be reversed at some future date by the trial court in view of the trial court's express determination and express direction "that there is no just reason for delay of the entry of a Final Judgment dismissing...[it]...as a party from the captioned action and does, hereby, enter Final Judgment dismissing. . .[it]. . .as a party from the captioned action"; and the rights of those parties have been determined.

I am authorized to state that Chief Judge Bell, Presiding Judge Deen, and Judge Banke join in this dissent.

ON MOTION FOR REHEARING.

McMURRAY, Judge, dissenting.

Counsel for appellant has reargued the merits of the appeal and has pointed out that in the case of *J. C. Penney Co. v. Malouf Co.,* 125 Ga. App. 832 (189 SE2d 453), this court reviewed the very same question in regard to a factual and procedural setting identical to the case at

hand. Counsel points out that in *J. C. Penney Co. v. Malouf Co.*, 230 Ga. 140, 143 (196 SE2d 145), the Supreme Court reversed the judgment of affirmance of this court. Here, however, this court has not reached the merits and has only considered the jurisdictional issue of whether or not it has authority to review the appeal at this time.

I do, however, wish to add to the dissent the decision in the recent case of *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, wherein the Supreme Court reversed this court in *Culwell v. Lomas & Nettleton Co.* 145 Ga. App. 519 (244 SE2d 61). That case was one involving summary judgment, whereas the case sub judice involves the dismissal of a third-party complaint. Nevertheless, the Supreme Court therein refers to the trial court's express direction for the entry of the final judgment and a determination that no just reason for delaying the finality of the judgment exists (Code Ann. § 81A-154 (b); CPA § 54; Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049), and holds that when this is done same is a declaration of res judicata and "time for appeal begins to run." In doing so it refers to the certification by the trial court, "that the judgment is final and ripe for review under Code Ann. § 81A-154 (b)." The certification therein referred to by the Supreme Court is not that of immediate review under Code Ann. § 6-701 (a) 2 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758). Clearly the Supreme Court holds that upon such certification pursuant to Code Ann. § 81A-154 (b), supra, the judgment is final and ripe for review.

I am authorized to state that Chief Judge Bell, Presiding Judge Deen and Judge Banke join in this addendum to my dissent.