588 P.2d 844

**The STATE of Arizona, Appellee,**

v.

**Jack L. ELSEY, George H. Wilson, Thomas G. Van Zee, Appellants.**

**Nos. 2 CA–CR 1393, 2 CA–CR 1406 and 2 CA–CR 1407.**

Court of Appeals of Arizona, Division 2.

Sept. 19, 1978.

Rehearing Denied Nov. 8, 1978.

Review Denied Nov. 28, 1978.

Roy A. Mendoza, Pinal County Atty. by W. Allen Stooks, Deputy County Atty., Florence, for appellee.

McDonald & Nash by William F. McDonald, Jr., Tucson, for appellant Elsey.

Norman R. Freeman, Tucson, for appellants Wilson and Van Zee.

OPINION

HOWARD, Judge.

Appellants were tried by the court and found guilty of conspiracy to transport and sell marijuana. They were placed on probation.

On the night of July 1, 1977, the police had under surveillance a makeshift airstrip located five to six miles from any habitation. They saw two vehicles arrive. One, a Dodge pickup with a camper shell, had been observed there the night before "scouting out" the area. The other was a Chevrolet pickup with a horsetrailer. At about 11:30 p. m. an airplane landed with a load of marijuana. The police surprised the pilot and the persons unloading the aircraft, but were able to apprehend only the pilot immediately. Four other persons ran off into the desert. Around 45 minutes later a police helicopter spotted appellant Elsey in the desert hiding under a tree. He was apprehended by a sheriff's deputy. Tracks from the aircraft and an abandoned T-shirt led to a ranch house where the owner had captured appellant Van Zee. He was without a shirt and had scratch marks and mosquito bites on his body, indicating he had spent the night in the desert. Wilson and his companion were arrested at 6:30 a. m. on the morning of July 2, after the sheriff's department received a report that two men were trying to break into a house trailer located five to six miles from the aircraft. This is the first inhabited area west of the makeshift airstrip. A deputy sheriff spotted them running from the area in which the trailer was located. They were shouting at him and waving their hands. When asked what the matter was they said that they had "some problems". They told the officers they did not try to break into the trailer but had been running for a while and wanted a drink of water.

■ Appellants claim there was no probable cause for their arrest. We do not agree. Location, time and circumstances gave the officers probable cause to arrest all the appellants.

■ Appellants also contend that the search of the vehicles which occurred at 7:30 a. m. on July 2 after they had all been arrested was illegal. We do not agree. Any right to constitutional protection against search and seizure was lost when appellants fled the area leaving the vehicles. *United States v. Edwards*, 441 F.2d 749 (5th Cir. 1971); *Whitlock v. State*, 124 Ga.App. 599, 185 S.E.2d 90 (1971).

■ Finally, appellants claim there was insufficient evidence to convict them of conspiracy. We do not agree. Appellants stipulated that the trial court could consider certain reports. These reports show that when he was arrested Elsey asked the police whether they had shot his partner. He was referring to the fact that when the police surprised appellants during the unloading operation shots were fired at the pilot of the airplane. Also, after he had been taken into custody he met with the pilot who was also in custody. They talked in the presence of the law enforcement officers about what had happened.

Van Zee also made statements to the law enforcement officers connecting him with the operation.

During the booking procedure Wilson's companion, a Ken Bosley, stated that he, Bosley, was at the airstrip in the Dodge pickup. Wilson, however, acted as if he did not know any of the other subjects present but when Van Zee asked him about a phone number he was attempting to call in Storm Lake, Iowa, Wilson, who also came from Storm Lake, told him it was the right number.

We believe the foregoing evidence supported the trial court's conclusion that the appellants were engaged in a conspiracy to transport and sell marijuana.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.