# Court of Appeals
# of the State of Georgia

ATLANTA,  January 03, 2019

*The Court of Appeals hereby passes the following order:*

**A19I0130. TINA KEY v. MELISSA RENEE.**

This is an action for divorce involving the physical and legal custody of two minor children. Tina Key filed a motion for summary judgment asserting that Melissa Renee lacked standing to pursue custodial rights of the minor children because she never officially adopted them and was not a parent or third-party to the minor children under Georgia law. The trial court denied Key's motion on September 28, 2018. More than 10 days later, on October 12, 2018, the trial court entered a certificate of immediate review, including the following language: "nunc pro tunc 10/02/18." Key then filed an application for discretionary review in the Supreme Court on October 12, 2018, which transferred it to this Court after determining that the application did not invoke Supreme Court jurisdiction. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement, see *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974), and if the certificate of immediate review is not entered within the prescribed ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973).

Here, the certificate of immediate review was issued fourteen days after entry of the order on appeal. Although the trial court signed the certificate of immediate review "nunc pro tunc" to October 2, 2018, the relevant date for determining the timeliness of the certificate is the date it was entered. See *Van Schallern v. Stanco*,

130 Ga. App. 687 (204 SE2d 317) (1974) ("[A] certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from."); see also *Whitlock v. State*, 124 Ga. App. 599, 601 (1) (185 SE2d 90) (1971), rev'd in part on other grounds, 230 Ga. 700 (198 SE2d 865) (1973) ("A nunc pro tunc entry of a certificate for immediate review cannot revive a right of appeal which has expired."), and *Cunningham v. Cansler*, 123 Ga. App. 614, 615 (181 SE2d 922) (1971) (same).

Accordingly, because the trial court did not enter the certificate of immediate review within ten days of entry of the order at issue, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  01/03/2019*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ *, Clerk.*