# Court of Appeals
# of the State of Georgia

ATLANTA,  March 26, 2019

*The Court of Appeals hereby passes the following order:*

**A19I0191. WILLIAM SCOTT FUSCI v. THE STATE.**

On February 8, 2019, the trial court entered an order granting in part and denying in part a motion to suppress filed by William Scott Fusci. A certificate of immediate review was entered on February 20, 2019, and Fusci filed this application for interlocutory appeal on February 24, 2019. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement. See *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974). If the certificate of immediate review is not entered within the prescribed ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973).

Here, the certificate of immediate review was entered twelve days after entry of the order on appeal. Although the trial court signed the certificate of immediate review on February 18, 2019, the relevant date for determining the timeliness of the certificate is the date it was entered. See *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974). To remedy this untimeliness, Fusci requested that the trial court vacate and reenter its order. On March 5, 2019 – after the application had been docketed in this Court – the trial court vacated and reentered the suppression order and issued a new certificate of immediate review. An untimely certificate of immediate review, however, may not be remedied in this manner. See, e. g. *Summer Tree Club Apartments Associates v. Graves Const. Co.*, 140 Ga. App. 214, 214 (230 SE2d 503)

(1976) (an untimely application for immediate review cannot be revived by amendment); *Whitlock v. State*, 124 Ga. App. 599, 601 (1) (185 SE2d 90) (1971), rev'd in part on other grounds, 230 Ga. 700 (198 SE2d 865) (1973) ("A nunc pro tunc entry of a certificate for immediate review cannot revive a right of appeal which has expired."); see also Court of Appeals Rule 16 (d) (prohibiting extensions of time in the filing of interlocutory applications).

Accordingly, because the trial court did not enter the certificate of immediate review within ten days of entry of the order at issue, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __03/26/2019_____
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*