# Court of Appeals
# of the State of Georgia

ATLANTA,  April 03, 2019

*The Court of Appeals hereby passes the following order:*

## A19D0369. JAMES B. HILL v. CITY OF ROSWELL.

James B. Hill was terminated from employment with the City of Roswell. After the termination was upheld by the City, Hill attempted to apply for a writ of certiorari from the Fulton County Superior Court. Under OCGA § 5-4-3, the certiorari petition must be sanctioned by the appropriate judge before filing. According to Hill, he attempted to e-file the petition in order to obtain the sanction, but the filing was rejected.[1] Thereafter, Hill presented the petition to a judge, who denied the sanction based upon Hill's failure to present the writ for sanction within 30 days. Although the order was signed by the judge on February 19, 2019, it was not then entered by the clerk. On March 8, 2019, Hill filed an application for discretionary appeal. This Court advised Hill that a stamped "filed" copy of the trial court order is required under Court of Appeals Rule 31 (c). Hill amended his application with such an order stamped "filed" on March 15, 2019. We, however, lack jurisdiction.

An application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d). "The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). At the time Hill filed his application for discretionary appeal, no order had been entered by the clerk. Thus, at the time of filing, we lacked jurisdiction. See *Boynton v. Reeves*, 226 Ga. 202, 203 (173 SE2d 702) (1970) (under the Appellate Practice Act, "both a

---

[1] Hill contends that e-filing is mandated by a standing court order.

written judgment and its entry by filing the writing with the clerk are essential prerequisites to an appeal").

Hill attempted to rectify this issue by supplementing his application with an order that was entered after he filed his application. We are unaware of any authority allowing a party to cure a jurisdictional defect in this manner. See, e. g., *Whitlock v. State*, 124 Ga. App. 599, 599 (1) (185 SE2d 90) (1971) (a certificate of immediate review issued nunc pro tunc is of no effect). Accordingly, we lack jurisdiction over this application, which is hereby DISMISSED.

Even if we were to assume jurisdiction, review of the merits is not possible at this time. The threshold issue is whether the superior court clerk should have accepted Hill's petition for certioari in order for him to obtain a timely sanction. Because this issue has not been addressed by the superior court, it may not be addressed on appeal. See, *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) (an appellate court serves to correct errors of law, which must be based upon a ruling of the trial court). To the extent the superior court clerk erred in refusing to accept Hill's petition, Hill must first seek redress in the superior court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__04/03/2019_____*
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*