# Court of Appeals
# of the State of Georgia

ATLANTA,  August 22, 2019

*The Court of Appeals hereby passes the following order:*

**A20I0023.  SAMUEL PRIOR v. THE STATE.**

On July 1, 2019, the trial court entered an order denying a motion to suppress filed by Samuel Prior.  A certificate of immediate review was entered on August 8, 2019, and Prior filed this application for interlocutory appeal on August 15, 2019. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had.  A timely certificate of immediate review is a jurisdictional requirement.  See *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974).  Here, the certificate of immediate review was entered 38 days after the entry of the order Prior seeks to appeal.  If the certificate of immediate review is not entered within the prescribed ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal.  See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973).

Prior previously filed an interlocutory application, seeking to appeal the denial of his motion to suppress, with a certificate of immediate review signed on July 3, 2019. See Case No. A19I0289.  However, that application was dismissed because the certificate of immediate review was signed by a different judge than the trial judge without explanation.  *Prior v. the State*, Case No. A19I0289 (decided August 1, 2019).  The current certificate of immediate review was signed by the trial judge and states "SO ORDERED, this 3rd day of July, NUNC PRO TUNC August 7, 2019." To the extent that the trial court intended to deem the August 7 order effective nunc pro tunc to July 3, an untimely certificate of immediate review may not be remedied

by nunc pro tunc entry. See *Whitlock v. State*, 124 Ga. App. 599, 601 (1) (185 SE2d 90) (1971) ("A nunc pro tunc entry of a certificate for immediate review cannot revive a right of appeal which has expired."); see also Court of Appeals Rule 16 (d) (prohibiting extensions of time in the filing of interlocutory applications). The relevant date for determining the timeliness of the certificate is the date it was entered, which in this case occurred 38 days after the entry of the order sought to be appealed. See *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974) ("[A] certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from.").

Accordingly, because the trial court did not enter the certificate of immediate review within ten days of entry of the order at issue, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  08/22/2019

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.