# Court of Appeals
# of the State of Georgia

ATLANTA, February 03, 2020

*The Court of Appeals hereby passes the following order:*

**A20I0159. KENNETH HAROLD JACKSON v. THE STATE.**

Kenneth Harold Jackson filed a motion to suppress evidence. Following the trial court's oral denial of the motion, Jackson obtained a certificate of immediate review and filed a direct appeal. We dismissed the appeal because no written order was contained in the record and because Jackson failed to comply with the interlocutory appeal procedure. See Case No. A20A0793, dismissed Dec. 4, 2019.

The trial court entered the written order on November 13, 2019. On January 3, 2020, the trial court entered a certificate of immediate review nunc pro tunc to October 20, 2019. Jackson filed this application for interlocutory appeal on January 3rd. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement, see *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974), and if the certificate of immediate review is not entered within the prescribed ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973).

Here, the certificate of immediate review was issued 44 days after entry of the order on appeal. Although the trial court signed the certificate of immediate review "nunc pro tunc" to October 20, 2019, the relevant date for determining the timeliness of the certificate is the date it was entered. See *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974) ("[A] certificate for the immediate review of a nonfinal

or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from."); see also *Whitlock v. State*, 124 Ga. App. 599, 601 (1) (185 SE2d 90) (1971), rev'd in part on other grounds, 230 Ga. 700 (198 SE2d 865) (1973) ("A nunc pro tunc entry of a certificate for immediate review cannot revive a right of appeal which has expired."), and *Cunningham v. Cansler*, 123 Ga. App. 614, 615 (181 SE2d 922) (1971) (same).

Because the trial court did not enter the certificate of immediate review within ten days of entry of the order at issue, we lack jurisdiction to consider this application for interlocutory appeal, which is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__02/03/2020_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*

---

[1] Jackson's co-defendant filed an application for interlocutory appeal from the same order, which we denied on the merits. See Case No. A20I0123, denied Dec. 6, 2019.