# Court of Appeals
# of the State of Georgia

ATLANTA,  February 24, 2020

*The Court of Appeals hereby passes the following order:*

**A20I0169.  JOSEPH ALBERT PARKER v. THE STATE.**

Joseph Albert Parker filed a "Motion to Hold That OCGA § 40-5-64 is Unconstitutional Under the Equal Protection Clause" and a motion to suppress. The trial court denied both motions on November 22, 2019, and issued certificates of immediate review nunc pro tunc to November 19, 2019.  Parker filed this application for interlocutory appeal on January 27, 2020. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement, see *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974), and if the certificate of immediate review is not entered within the prescribed ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Duke v. State*, 306 Ga. 171, 178 (3) (a) (829 SE2d 348) (2019), citing *Turner v. Harper*, 231 Ga. 175, 175 (200 SE2d 748) (1973).

Here, the certificate of immediate review was issued 66 days after entry of the orders on appeal.  Although the trial court signed the certificate of immediate review "nunc pro tunc" to November 19, 2019, the relevant date for determining the timeliness of the certificate is the date it was entered. See *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974) ("[A] certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from."); see also *Whitlock v. State*, 124 Ga. App. 599, 601 (1) (185 SE2d 90) (1971), rev'd in part on

other grounds, 230 Ga. 700 (198 SE2d 865) (1973) ("A nunc pro tunc entry of a certificate for immediate review cannot revive a right of appeal which has expired."), and *Cunningham v. Cansler*, 123 Ga. App. 614, 615 (181 SE2d 922) (1971) (same).

Because the trial court did not enter the certificate of immediate review within ten days of entry of the orders at issue, we lack jurisdiction to consider this application for interlocutory appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  02/24/2020*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*