# Court of Appeals
# of the State of Georgia

ATLANTA,  August 19, 2021

*The Court of Appeals hereby passes the following order:*

## A22I0019. BANK OF AMERICA, N. A. v. PARTS CENTRAL, INC.

Bank of America, N. A. seeks interlocutory review of the trial court's order denying its motion for summary judgment. The trial court's order was entered on July 23, 2021, and the certificate of immediate review was entered on August 5, 2021. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement. See *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974). If the certificate of immediate review is not entered within the prescribed ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973).

Here, the certificate of immediate review was signed by the trial court 10 days after entry of the trial court's order denying summary judgment, but it was not entered by the clerk until 13 days after entry of that order. The certificate of immediate review is thus untimely. See *Van Schallern v. Stanco*, 130 Ga. App. 687, 687 (204 SE2d 317) (1974) ("[A] certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from.").

Accordingly, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/19/2021__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*