# Court of Appeals
# of the State of Georgia

ATLANTA,  June 09, 2022

*The Court of Appeals hereby passes the following order:*

**A22I0198.  KAYLA M. BAXTER v. THE STATE.**

Kayla M. Baxter seeks interlocutory review of the trial court's order denying her motion to suppress. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement. See *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974). If the certificate of immediate review is not entered within the prescribed ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). Here, the trial court denied Baxter's motion to suppress on April 7, 2022, but the certificate of immediate review was not entered until May16, 2022, 39 days later.[1]

---

[1] The application materials show that Baxter filed a "motion for interlocutory appeal" in the trial court on April 19, 2022. Baxter's motion cannot be construed as a certificate of immediate review because the certificate must be issued by the trial court. See OCGA § 5-6-34 (b).

Because the certificate of immediate review was not entered within ten days of the trial court's order, it was untimely, and we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*__06/09/2022__
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*_____ *, Clerk.*