# Court of Appeals
# of the State of Georgia

ATLANTA,  December 13, 2022

*The Court of Appeals hereby passes the following order:*

**A23I0091. GREGORY THOMPSON v. THE STATE.**

Gregory Thompson, who is charged with driving under the influence, filed a motion to suppress the results of State administered blood alcohol tests. The trial court denied the motion on September 14, 2022. Thompson filed a motion for reconsideration, which the trial court denied on October 17, 2022. The trial certified its order for immediate review on November 9, 2022, and Thompson filed this application for interlocutory review. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court "certifies within ten days of entry" of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement, see *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974), and if the certificate of immediate review is not entered within the prescribed ten-day period, it is untimely, and the party seeking review must wait until final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). Here, the certificate of immediate review was entered 23 days after entry of the order on appeal, making it untimely. Accordingly, we lack jurisdiction to consider this application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  12/13/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.