# Court of Appeals
# of the State of Georgia

ATLANTA,  August 20, 2024

*The Court of Appeals hereby passes the following order:*

**A25I0007. LCS FINANCIAL SERVICES CORPORATION v. ALINE STINGLEY.**

LCS Financial Services Corporation sued Aline Stingley for breach of contract, seeking damages in excess of $70,000. LCS filed a motion for withdrawal of admissions, which the trial court denied on July 3, 2024. The trial court entered its certificate of immediate review on July 16, 2024, and LCS filed this application for interlocutory review on July 29, 2024. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement. See *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974). If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until final judgment to appeal. See OCGA § 5-6-34 (b); *Duke v. State*, 306 Ga. 171, 178 (3) (a) (829 SE2d 348) (2019), citing *Turner v. Harper*, 231 Ga. 175, 175 (200 SE2d 748) (1973). In this case, the tenth day fell on Saturday, July 13, 2024. Thus, the certificate of immediate review was due on the next business day, July 15, 2024. Instead, it was filed on July 16, 2024, and is therefore untimely.[1]

---

[1] "When a filing deadline falls on a Saturday, Sunday, an official state or national holiday, or a time when the Clerk's office is closed for an emergency (such as inclement weather), the deadline is extended to the next business day." Court of Appeals Rule 3. The fact that July 4, 2024, was a national holiday, is not determinative

Moreover, even if the certificate of immediate review had been entered in a timely manner, this application would nonetheless be subject to dismissal because it, too, was untimely. Under OCGA § 5-6-34 (b), an application for interlocutory appeal must be filed within ten days of the trial court's certificate of immediate review. See *Genter v. State*, 218 Ga. App. 311 (460 SE2d 879) (1995). Because LCS filed the instant application 13 days after the trial court entered its certificate of immediate review, the application is untimely. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 08/20/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

since it was not the day upon which the filing deadline fell. See OCGA § 1-3-1 (d) (3) ("when a period of time measured in days . . . is prescribed . . . the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party . . . shall have through the following Monday. . . . When the period of time prescribed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").