# Court of Appeals
# of the State of Georgia

ATLANTA,  October 11, 2024

*The Court of Appeals hereby passes the following order:*

**A25I0042. ELITE RAD RADIOLOGY SERVICES, INC. et al. v. ISAAC OPPONG.**

Isaac Oppong filed a medical malpractice action against multiple defendants, including Elite Rad Radiology Services, Inc. and Dr. Sean Mahan (collectively, "Elite Rad"). Elite Rad moved to dismiss the complaint against them, and the trial court denied the motion on July 18, 2024. Elite Rad obtained a certificate of immediate review and attempted to file an application for interlocutory appeal, but the filing was rejected.[1] On September 3, 2024, Elite Rad obtained a "vacated and renewed certificate of immediate review" and filed this application for interlocutory appeal on September 11, 2024. Oppong has moved to dismiss the application.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement. See *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974). Here, the certificate of immediate review was entered 47 days after entry of the order on appeal. Although that certificate purported to be a vacated and renewed certificate, an untimely interlocutory application may not be remedied in this manner. See, e. g., *Summer Tree Club Apartments Associates v. Graves Const. Co.*, 140 Ga. App. 214, 214 (230 SE2d 503) (1976) (an untimely application for immediate review

---

[1] According to Elite Rad, the filing was rejected "due to an inadvertent error regarding counsel's signature." In fact, the application was not accepted for filing because the attorney who signed the filing was not admitted to practice in this Court.

cannot be revived by amendment); ***Whitlock v. State***, 124 Ga. App. 599, 601 (1) (185 SE2d 90) (1971), rev'd in part on other grounds, 230 Ga. 700 (198 SE2d 865) (1973) ("A nunc pro tunc entry of a certificate for immediate review cannot revive a right of appeal which has expired."); see also Court of Appeals Rule 16 (d) (prohibiting extensions of time in the filing of interlocutory applications).

> [T]he interlocutory appeal statute is not a run-of-the-mill procedural provision. It is a ***jurisdictional*** law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases. Thus, when the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5–6–34 (b) for interlocutory appeal is followed.

***Eidson v. Croutch***, 337 Ga. App. 542, 543 (788 SE2d 129) (2016) (citations and punctuation omitted; emphasis supplied). Because Elite Rad did not comply with the jurisdictional requirements of OCGA § 5-6-34 (b), we lack jurisdiction to entertain this application for interlocutory appeal. Accordingly, Oppong's motion to dismiss is hereby GRANTED, and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*C l e r k ' s   O f f i c e ,*

*Atlanta,*___10/11/2024_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*