# Court of Appeals
# of the State of Georgia

ATLANTA, March 23, 2026

*The Court of Appeals hereby passes the following order:*

## A26I0144. LAVERDA JONES v. GREGORY JONES.

In this divorce action, on January 29, 2026, the trial court entered an order partially denying Laverda Jones's motion to set aside a purported agreement. On February 11, 2026, the trial court issued a certificate of immediate review regarding the order, nunc pro tunc to February 8, 2026. Jones filed this application for interlocutory appeal on February 22, 2026. We, however, lack jurisdiction.

Under OCGA § 5-6-34(b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement, see *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24(2) (209 SE2d 715) (1974), and if the certificate of immediate review is not entered within the prescribed ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34(b); *Duke v. State*, 306 Ga. 171, 178(3)(a) (829 SE2d 348) (2019).

Here, the certificate of immediate review was issued 13 days after entry of the order on appeal. Although the trial court signed the certificate of immediate review "nunc pro tunc" to February 8, 2026, the relevant date for determining the timeliness of the certificate is the date it was entered. See *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974) ("[A] certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from."); see also *Whitlock v. State*, 124 Ga. App. 599, 601(1) (185 SE2d 90) (1971) ("A nunc pro tunc entry of a certificate for

immediate review cannot revive a right of appeal which has expired."), rev'd in part on other grounds, 230 Ga. 700 (198 SE2d 865) (1973).

Because the trial court did not enter the certificate of immediate review within ten days of entry of the order at issue, we lack jurisdiction to consider this application for interlocutory appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/23/2026*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*