## 56026. DIVERSIFIED ONE INVESTORS LIMITED v. ARCHWAY PROPERTIES, INC. et al.

WEBB, Judge.

In this suit filed by Archway against Diversified and Decatur Federal Savings in four counts, the trial court granted a default judgment upon Counts 1, 2 and 3 and dismissed Diversified's counterclaim, and ordered Decatur Federal to pay the amounts due Archway pursuant to Count 2. The order also recited that "All funds remaining after payment as set forth herein, that are within the custody and control of Defendant Decatur Federal, shall remain within the custody and control of Defendant Decatur Federal subject to a continuance of the restraining order previously issued by this Court, under

the same terms and conditions, pending adjudication of Count IV of the Complaint, until further Order of this Court." The threshold question in this appeal is whether the order was a final appealable judgment, as asserted by Archway, because it adjudicates all issues related to the default.

"We view Code Ann. § 81A-154 (b) determinative of this question. That Code section states 'When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.' (Emphasis supplied.)

"The pleadings in this case show it to be a multi-party, multi-claim action. There has been no express determination or direction as to the finality of the order complained of within the purview of the above quoted Code section. Neither did the trial judge enter a certificate under the provisions of Code Ann. § 6-701 (a 2)." *Walker v. Robinson,* 232 Ga. 361, 362 (1) (207 SE2d 6) (1974) and cits. See also *Spikes v. Carter Realty Co.,* 136 Ga. App. 648 (222 SE2d 154) (1975); *Mulligan v. Scott,* 134 Ga. App. 815 (217 SE2d 307) (1975). Hence the appeal is premature and must be dismissed.

*Appeal dismissed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 8, 1978 — DECIDED JUNE 27, 1978.

*Macey & Zusmann, Thomas R. Todd, Jr., Steven*

*Schaikewitz,* for appellant.
*Richard E. Reiter, Jr., George H. Carley,* for appellees.