63009. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. HUBBELL METALS, INC. et al.

CARLEY, Judge.

Appellant-State Farm Mutual Automobile Insurance Company (State Farm) provides no-fault coverage to appellee-Reece. On July 18, 1977, Reece was involved in a collision between his automobile and a tractor-trailer truck being operated by appellee-McNair, an employee of appellee-Hubbell Metals, Inc. State Farm paid Reece $50,000 in mandatory and optional no-fault benefits. Subsequently, on December 29, 1978, a suit was filed by Reece, through his guardian, against Hubbell Metals and McNair. Hubbell Metal's liability carrier was not named as a party defendant in the action. Compare *State Farm Mut. Auto. Ins. Co. v. Five Transp. Co.,* 246 Ga. 447 (271 SE2d 844) (1980). On February 25, 1981, the defendants in the action, Hubbell Metals and McNair, moved to join State Farm as a party pursuant to Code Ann. § 81A-119. The basis for the motion was that State Farm, as Reece's no-fault insurer, had subrogation rights under Code Ann. § 56-3405b (d)(1) to the extent that it had paid no-fault benefits and that, therefore, if the tort action were resolved in State Farm's absence, defendants might be "subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations . . ." On March 5, 1981, State Farm filed its own motion to intervene in the suit as a party plaintiff "to preserve and protect its subrogation rights." The motions were granted and State Farm filed a complaint in the action seeking to enforce its subrogation rights against the defendants. State Farm also filed a cross-claim against Reece, for

$50,000.00, "or a pro rata portion thereof, paid as no-fault benefits . . ., to be deducted from any judgment recovered by [Reece] in the trial of the main cause." State Farm's subrogation claim against the defendants and its cross-claim against Reece were severed by the trial court on its own motion "for purposes of separate hearing or trial after the trial of the main liability case . . ."

Reece and the defendants in the underlying tort action reached a settlement and agreed to the entry of a consent judgment on June 15, 1981. In the instant appeal State Farm attempts to secure a review of this judgment entered in accordance with the agreed settlement between Reece and the defendants in the underlying action. This order does not contain "an express determination that there is no just reason for delay and . . . an express direction for the entry of judgment" as required by Code Ann. § 81A-154(b) for its consideration as a final appealable judgment in this multiple claims — multiple parties case and no interlocutory appeal has been authorized. See generally *Diversified One Investors Ltd. v. Archway Properties,* 146 Ga. App. 453 (246 SE2d 462) (1978). On the record before us, it appears that not only is State Farm's subrogation action against appellees-Hubbell Metals and McNair pending in the trial court, no disposition of State Farm's cross-claim against appellee-Reece has yet been made. Accordingly, the instant appeal is dismissed as premature. See generally *Cramer v. Parrott,* 149 Ga. App. 385 (254 SE2d 504) (1979).

*Appeal dismissed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 15, 1982.

*J. Blair Craig II, Richard G. Greer,* for appellant.
*Forrest Montet, Warner R. Wilson, Jr., William B. Greene,* for appellees.