Daniel *vs.* The State of Georgia.

---

JOSHUA DANIEL, *alias* JOSHUA NEAL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

That a juror, after being charged with a criminal case, was allowed to separate from the jury, is ground of new trial, unless it be affirmatively shown that he had no communication with any one upon the subject of the trial, either directly by conversation, or indirectly by overhearing the observation of others.

Criminal law.    Jury.    New trial.    Before Judge POTTLE. Warren Superior Court.    April Term, 1876.

Reported in the decision.

SEABORN REESE, for plaintiff in error.

SAMUEL LUMPKIN, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of murder, and on the trial therefor the jury returned a verdict of guilty, with a recommendation to the mercy of the court. A motion was made by the defendant for a new trial, on the several grounds therein set forth, which was overruled by the court and the defendant excepted.

It appears from the evidence in the record that the defendant went to a house where the deceased was, (not his own house) and asked him " what lies he had been telling on him ;" deceased replied, " go away, Josh, I don't care if you never speak to me again." They continued talking, giving each other the lie, when deceased said he would not quarrel with him, but was going to attend to his own business, and went out of the house ; defendant followed him and picked up a piece of an old stump laying near the door, about three feet long ; deceased went to the edge of the yard and picked up an axe lying there, the axe resting on the ground ; in that position they continued giving each other the lie, when deceased said, " I ain't telling no lie ;" defendant told him if he said that again he would kill him, appeared to get mad, jumped at deceased and wrung the axe out of his hands, and told him, God damn him he would kill him, and struck him on the head with the axe, which blow killed him, breaking his skull ; struck but the one blow.

One of the grounds of the motion for a new trial is, that one of the jurors, after being charged with the case, was allowed to separate from the jury without being accompanied by any officer, and to go across the street to the store-house of Jones, in the town of Warrenton, one hundred yards from the court-house, and return; that there was a crowd of persons there through which the juror was obliged to pass, and did pass, in going to and returning from said store-house. The fact of the separation of the juror as alleged, is not denied, but he states in his affidavit that he went to the store-house to get his overcoat; that *he* did not speak to any one, and that no one spoke *to him* about said case ; but the juror fails

to state in his affidavit that he did not hear any person or persons in the crowd through which he passed speaking or expressing their opinions about the case. One of the reasons why the law requires jurors to be kept together, separate from the crowd of people who may have heard the trial as well as others is, that they may not be influenced in rendering their verdict by the expression of the opinion of others or by popular clamor. When the law was violated by the misconduct of the juror, the legal presumption was that the defendant was injured, and it was incumbent on the state to have rebutted that legal presumption, not only by evidence that the juror did not speak to any one himself, nor did any one speak to him about the case, but that he did not hear any one in the crowd through which·he passed express any opinion in relation to the case. Jurors are as liable in our day to be influenced and controlled by public opinion, as Pilate was ·in his day, when by the clamor of the multitude he consented to deliver up our Saviour to be crucified. The policy of the law is to protect jurors from all such influences and temptations in the trial of criminal cases, as well as defendants who may be injured thereby. In view of the misconduct of the juror, Ricketson, and·other irregularities complained of at the trial, we reverse the judgment of the court below and order a new trial.

Judgment reversed.