## 27823. WHITLOCK v. THE STATE.

HAWES, Justice. The factual circumstances leading up to the apprehension and arrest of the appellant, Henry Whitlock, for the murder of the Decatur, Georgia, police officer, Billy Cowart, have been substantially reported by the Court of Appeals in its opinion. *Whitlock v. State,* 124 Ga. App. 599 (1971) (185 SE2d 90). Reference is made to the prior proceedings before

that court in the disposition of appellant's interlocutory appeals involving the denial of pretrial suppression and discovery motions, some of which have been placed in issue before this court. Appellant was convicted of murder and sentenced to death by electrocution. He now appeals from these judgments and from the denial of his motion for new trial.

1. During the course of the trial the juror, Mr. E. P. Wilson, under the rule of sequestration, was allowed to leave the company of his fellow jurors and return with the bailiff to a restaurant where he had been previously fed and to secure a topcoat left there by inadvertence. The juror and bailiff afterward stopped at a service station some blocks away and procured a pack of cigarettes. Following this incident of Sunday, February 13, 1972, the trial court, state and defense counsel questioned the juror and bailiff, who were placed under oath, to ascertain if the alleged improper conduct might be grounds for the grant of appellant's motion for mistrial. Both bailiff and juror testified that they had been together at all times during the separation from the jury and had not discussed the subject matter of the case being tried. Their testimony indicated the juror Wilson had not conversed with any other persons concerning the case nor had overheard any conversations of others in this respect excepting that of a bystander commenting on the presence of the juror with that of the bailiff. It was upon this showing that the mistrial motion was denied.

It is the duty of the bailiff under his oath when juries have been sequestered to insure at all times the integrity of their isolation and to prevent any untoward influence upon them which may influence their decision and degrade an accused's constitutional right to a fair and impartial trial. Whenever the union and isolation of the jury have been broken, there arises a legal presumption that the defendant has been

injured, and "it [is] incumbent upon the state to have rebutted that legal presumption, not only by evidence that the juror did not speak to anyone himself, nor did anyone speak to him about the case, but that he did not hear anyone . . . express any opinion in relation to the case." *Daniel v. State,* 56 Ga. 653, 655 (1876).

The appellant argues before this court that the state has not carried its burden of rebutting the presumption of harm, citing in support our old cases, *Smith v. State,* 122 Ga. 154 (50 SE 62) (1904); *Obear v. Gray,* 68 Ga. 182 (1881), and others. These cases, as the state has pointed out on appeal, involve instances in which the juror separation was unaccompanied by the presence of a bailiff or officer of the court and where the potential influence upon the juror of outside conversations could not be determined with any degree of certainty. The state could not rely on conjecture in rebutting the inference of harm to the accused. Cp. *Suple v. State,* 133 Ga. 601 (66 SE 919) (1909).

The situations prevailing in the earlier cases do not obtain in the case at hand. Here, every moment of the juror separation was accounted for, and there was established without contradiction that the offending juror neither spoke with anyone concerning the case nor overheard anyone discussing it. This was sufficient to overcome the presumption of harm and to remove the incident as ground for a mistrial.

2. The appellant's enumerations of error numbers four through nine and twelve and thirteen have been previously disposed of upon interlocutory appeal to the Court of Appeals in *Whitlock v. State,* 124 Ga. App. 599, supra. The adjudication of these issues involving the denial of various of appellant's pretrial suppression and discovery motions constitutes for purposes of direct appeal a final determination in the case, and in the absence of an application for review by this court by way of the writ of certiorari may not be brought into

question in future appellate proceedings. See Code § 110-501. See, also, Code Ann. § 50-127 for procedures on collateral attack.

3. The Court of Appeals, however, in its opinion, specifically declined to decide on the merits various other pretrial discovery motions of appellant in the absence of a certificate of review, and these are now properly before this court. In these motions, there was sought from the prosecution discovery of the following: (1) copies of reports and examinations made by the state with respect to fingerprints found on the murder weapon; and (2) inspection of reports of ballistics tests conducted on the murder weapon. Each of these motions was denied by the trial court and none of the reports was introduced in evidence by the state upon the trial. (3) Appellant also moved the trial court to allow a privately-obtained ballistics expert to examine the murder weapon and the bullet removed from the victim for purposes of comparison tests on behalf of the defense. This the trial court granted; however, when appellant proved unready and unable to provide such expert at the time appointed for the tests, the order granting the inspection was revoked and further discovery in this regard denied. (4) Finally, appellant sought by way of discovery motion the addresses of the witnesses the prosecution intended to call on behalf of the state. This motion was also denied by the trial court.

We need not cite here all the many cases before this court in which we have held criminal discovery on behalf of the defendant may not be compelled. There is no state law existing which would allow the defendant as a matter of right to discover from a district attorney or other prosecuting officer of the state evidence, documentary or otherwise, for use by him or his counsel before trial. *Bryan v. State,* 224 Ga. 389 (162 SE2d 349) (1968); *Walker v. State,* 215 Ga. 128 (109

SE2d 748) (1959). In addition, the Supreme Court of the United States has held that pretrial discovery in favor of defendants is not required by considerations of due process, see Palermo v. United States, 360 U. S. 343 (1959), and 18 U. S. C. § 3500, in the absence of a showing that the evidence denied disclosure of by the prosecution upon request was materially favorable to the accused either as direct or impeaching evidence. Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1962). See, also, Williams v. Dutton, 400 F2d 797 (5th Cir. 1968), and Note, The Duty of the Prosecutor to Disclose Exculpatory Evidence, 60 Colum. L. Rev. 858 (1960). However, these due process considerations are not relevant to a discussion of the case at hand because there had not been argued before us that the state purposefully supressed evidence favorable to the accused, and it does not appear from the argument of counsel on the pretrial discovery motions nor from the testimony of the ballistics and fingerprint experts called by the state at the trial that the results of their testings were favorable to the accused or exculpatory of his guilt.

Other assertions of error by the appellant that he was denied a fair trial because counsel was unable to prepare for trial in the absence of the information sought discovery of, we need not treat at length here. Though the court is concerned that as a matter of fairness the information was not provided the accused, the appellant has not demonstrated his inability to prepare his defense and has not shown the very rigorous cross examination of the witnesses who prepared the technical data was not such as to elicit every possible inference as to its significance. Counsel also did not object to any witness being sworn at trial because of his inability to properly identify such witness beforehand and thereby to prepare to meet his testimony.

It must be concluded, therefore, that the trial court committed no error with regard to any of appellant's pretrial discovery motions.

4. Appellant also moved the trial court for an order allowing defense counsel to be present during the state's examination of evidence in its possession, here ballistics testing of the murder weapon, on the ground such was necessary to insure its impartial examination and to otherwise safeguard the rights of the accused. Appellant argued to deny the presence of counsel during the examination would be an infringement of his right to counsel.

These arguments cannot be seriously contended before this court. To acquiesce in their validity would be to deny the integrity and honesty of law enforcement officers throughout the state and otherwise burden and encumber the growing and continuingly difficult task of enforcing the criminal law. Whatever the extent of the right to counsel may be, it cannot encompass such an extreme latitude and under no theory known to this court otherwise prejudice the right of the accused to a fair trial.

5. The appellant has also asserted error on the trial court's refusal of his motion that defense counsel be allowed to examine the jurors on voir dire individually and outside the presence of the other jurors. It was argued the separate and isolated examination of the prospective jurors was necessitated "with a view to eliciting the kind and degree of his exposure to the case or the parties, the effect of such exposure on his present state of mind, and the extent to which such state of mind is immutable or subject to change from evidence."

Code Ann. § 59-705 gives defense counsel the right to examine jurors individually after the usual voir dire questions have been put by the trial court to the jury as a panel. The right does not encompass isolated

examination. The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review. The court has had demonstrated to it no basis for doing so here, for counsel enjoyed a long and thorough examination of each of the prospective jurors and has not in any way shown how the presence of the other jurors interfered with or contravened the underlying purposes of the voir dire.

6. The court has, in conclusion, examined the voluminous record in the present case, the many pretrial hearings and motions, and the arguments of counsel on appeal, and has concluded that the evidence, though circumstantial, was in the cumulative sufficient to support the verdict and to remove every reasonable inference of guilt save that of the accused. The judgment of guilt and the order of the trial court overruling appellant's motion for new trial must, therefore, be affirmed. The judgment on the sentence imposing the death penalty, however, must be reversed and the cause remanded for further proceedings and resentencing not inconsistent with our opinion in *Sullivan v. State,* 229 Ga. 731 (194 SE2d 410) (1972) with companion cases.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

Argued April 10, 1973 — Decided June 21, 1973.

*Garland & Garland, Reuben A. Garland,* for appellant.
*Richard Bell, District Attorney, Edward E. Carriere, Jr., Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Daniel I. MacIntyre, Assistant Attorneys General, Harold N. Hill, Jr., Deputy*

*Assistant Attorney General,* for appellee.