## 57383. HORNE v. THE STATE.

SMITH, Judge.

Appellant, convicted of voluntary manslaughter, contends the court erred in admitting certain evidence and in overruling the special ground of her motion for new trial which alleged that a state's witness had violated the "isolation and integrity" of the jury. Finding merit in neither of those contentions, we affirm.

1. The court did not commit error by admitting two pictures of the deceased's body. "Photographs which tend to show relevant and material facts are admissible although it is alleged that they are designed to inflame and prejudice the jury." *McCorquodale v. State,* 233 Ga. 369, 375 (211 SE2d 577) (1974).

2. The jury broke from their deliberations and, while under the rule of sequestration and accompanied by the bailiff, partook of lunch at a nearby Holiday Inn restaurant. It happened that a state's witness, Frances Woodard, was employed as a waitress at the restaurant

and was present at the time of the juror's luncheon. However, the testimony on the motion for new trial proved that nothing influential was said or done in the jury's presence. Significantly, the only juror who took the stand on the motion for new trial testified that he merely noticed Woodard's presence and that no person attempted to communicate with the jurors or influence them in any way. The remainder of the testimony on the motion corroborated the juror's statements. Thus the trial court was quite correct in overruling the special ground of appellant's motion for new trial. See *Whitlock v. State*, 230 Ga. 700 (1) (198 SE2d 865) (1973).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED MARCH 12, 1979 — DECIDED APRIL 30, 1979 —

*Douglass & Young, Orion L. Douglass,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.