## 59655. COWAN v. THE STATE.

SOGNIER, Judge.

Appellant was convicted in the Superior Court of Spalding County of two counts of distributing marijuana. On appeal he contends, among other things, that the trial court erred in unduly restricting his right to conduct voir dire examination of prospective jurors. As this error requires reversal, we will not consider the other enumerations of error.

Appellant submitted a written list of 11 questions to the court which he intended to propound to each prospective juror on voir dire examination. The district attorney objected to the 11 questions and the trial court sustained his objection as to eight of the 11 questions. The list included a question as to each juror's membership in fraternal, social or church organizations, and each juror's connection with the district attorney, his staff and any law enforcement official involved in the prosecution of the case. Appellant objected to the court's ruling that such questions were not relevant. The state contends that appellant made no timely objection to the court's ruling and therefore, he is precluded from raising this issue on appeal; further, that the failure to object to the court's ruling is tantamount to a waiver.

As pointed out above, *the district attorney* objected to the questions submitted by appellant on the ground that such questions were not relevant, and the trial court sustained the district attorney's objection. Defense counsel then objected (took exception) to the court's ruling, stating that "we contend that they [the list of questions] are relevant..." and "I think you're wrong in determining that it's irrelevant." Thus, the error alleged is based on the ruling of the trial court on the *district attorney's* objection; the sufficiency of an objection by appellant is not involved.

The requirement [former Code Ann. § 6-1001] that an exception be taken to a court's ruling was abolished by the Appellate Practice Act of 1965. (Ga. L. 1965, p. 18, et seq.) Even though not required to do so, appellant's counsel took exception to the court's ruling. The court, which had just ruled that certain voir dire questions were not relevant, stated it did not understand counsel's statement after the ruling that he thought the court was wrong and that he believed the questions *were* relevant. However, the court's misunderstanding should not adversely affect the defendant's right to have an appellate review of the court's ruling sustaining an objection made by the state as to the relevancy of the appellant's voir dire questions.

At the outset, we note that control of voir dire examination is normally within the discretion of the court. *Whitlock v. State,* 230 Ga. 700, 706 (5) (198 SE2d 865) (1973). However, Code Ann. § 59-705 provides, in pertinent part: "In all criminal cases ... the defendant *shall have the right*... to inquire of the individual jurors examined touching any matter... including... the relationship or acquaintance of the juror with the parties or counsel therefor ... and religious, social and fraternal connections of the juror." (Emphasis supplied.) Since the Supreme Court has held that a defendant in a criminal case has an absolute right to an individual examination of each juror pursuant to Code Ann. § 59-705 (*Blount v. State,* 214 Ga. 433, 434 (3) (105 SE2d 304) (1958)), and the questions appellant desired to propound are included specifically in the same sentence of the statute granting such right, it follows that a defendant has an absolute right to propound such questions to prospective jurors. Hence, it was reversible error for the trial court to refuse permission to appellant's counsel to ask such questions of each juror, for such ruling denied appellant a substantial right granted him by statute. Code Ann. § 59-705; *Keebler v. Willard,* 90 Ga. App. 66, 67 (81 SE2d 842) (1954).

The issue of waiver raised by the state is immaterial since the ruling complained of did not involve an objection by appellant.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED NOVEMBER 14, 1980 —

REHEARING DENIED DECEMBER 3, 1980 —

*W. Franklin Freeman, Jr.,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys,* for appellee.