## 40383. JONES v. FRANCIS.

MARSHALL, Presiding Justice.

The appellant, Brandon Astor Jones, a/k/a Wilbur May, and one Van Roosevelt Solomon, were found guilty of having tortured and murdered Roger Tackett, during the course of their armed robbery of a convenience store in Cobb County. Tackett was the manager of the store. Both Jones and Solomon were convicted and sentenced to death. Their convictions and sentences were affirmed on direct appeal. *Jones v. State,* 249 Ga. 605 (293 SE2d 708) (1982); *Solomon v. State,* 247 Ga. 27 (277 SE2d 1) (1981).

The appellant Jones has now filed a petition for writ of habeas

corpus in the Butts Superior Court. The petition was denied by the superior court. We granted the application to appeal. We affirm.

1. First, the appellant argues that he was denied a fair trial because the trial judge permitted a Bible to go out with the jury during its deliberations in the sentencing phase of the trial.

It appears that in closing argument during the sentencing phase of the appellant's trial, defense counsel based his argument to the jury that the death penalty should not be given, by tracing the history of the Bible from a milieu in which the death penalty was imposed for such things as witchcraft and false prophesy, to a new milieu of forgiveness and mercy.

We hold that the trial judge erred in permitting the Bible to go out with the jury. However, we hold that the appellant was not harmed and that the error is not grounds for reversal.

This is not a case such as Farese v. United States, 428 F2d 178 (5th Cir. 1970), where material evidence was secreted into the jury room. See also *Watkins v. State,* 237 Ga. 678 (229 SE2d 465) (1976). Nor is it a case of some "extraneous influence" coming to bear on the jury and giving rise to a presumption of prejudice, which was the situation in the cases cited in Government of Virgin Islands v. Gereau, 523 F2d 140 (3rd Cir. 1976).

2. Second, the appellant complains of that portion of the trial judge's instructions to the jury in which the jury was charged, "Now, it is contended by the State that the Defendant committed the crime charged in this indictment when he, together with the Co-Defendant named in this indictment, conspired to commit the crime of armed robbery and that the murder of the person named in this indictment was an incidental probable consequence of the commission of the armed robbery agreed upon by them."

A review of the prosecuting attorney's closing argument to the jury during the guilt-innocence phase shows that the state was, in fact, contending that the appellant was guilty of a conspiracy to murder and a conspiracy to commit robbery. Cf., Clark v. Louisiana, 694 F2d 75 (5th Cir. 1983). Therefore, the previously quoted portion of the jury charge was somewhat misleading.

However, the jury was also charged, "If a conspiracy is established beyond a reasonable doubt, then any act done by any of the parties pursuant to such agreement is, in contemplation of the law, the act of each of them and they are jointly responsible therefor. This means that everything done by any of the conspirators in accomplishing or furtherance of the common purpose is deemed to have been done by each of them." This is a correct statement of the law of conspiracy.

It is quite true that it has been held that the Eighth Amendment

does not authorize imposition of the death penalty upon a person who has participated in a robbery which resulted in a killing, if such person does not himself kill, attempt to kill or intend that killing take place or that lethal force will be employed. Enmund v. Florida, 458 U. S. 782 (102 SC 3368, 73 LE2d 1140) (1982). Here, the evidence showed that the appellant participated in shooting the victim, and the evidence was thus overwhelming that the appellant either killed, or intended that a killing take place or that lethal force be employed. Therefore, as in *Johnson v. Zant,* 249 Ga. 812 (295 SE2d 63) (1982), and Stanley v. Zant, 697 F2d 955 (11th Cir. 1983), the evidence is sufficient to authorize the murder conviction and death sentence. Cf., Clark v. Louisiana, supra.

Looking to the jury charge as a whole, see, e.g., Cupp v. Naughten, 414 U. S. 141 (94 SC 396, 38 LE2d 368) (1973), we hold that the jury could not have been misled in finding the appellant guilty of murder or imputing to him an intent to kill based solely on his participation in the conspiracy to commit armed robbery. Therefore, we find any error in the charge to be nonprejudicial.

3. Third, the appellant argues that he did not receive effective assistance of defense counsel.

As found by the habeas judge, the appellant was represented at trial and on appeal by appointed counsel who was experienced in the trial of civil and criminal cases, including capital cases. He interviewed known witnesses; he consulted with the appellant concerning trial strategy; he sat through the trial of the appellant's co-indictee, Solomon, which trial occurred before the appellant's trial; he filed an assortment of pretrial motions; and any failure on his part to present witnesses at the sentencing phase of the appellant's trial was due to the appellant's noncooperation.

These facts, as supported by the evidence, lead to the conclusion that counsel was by no means constitutionally ineffective. See *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974); MacKenna v. Ellis, 280 F2d 592 (5th Cir. 1960).

4. Fourth, the appellant complains that the trial judge's conduct of voir dire violated his constitutional right to a fair trial in the following respects: (1) his motion for individual, sequestered voir dire was denied; (2) his request for a brief recess before the striking of the jury was denied; and (3) the trial judge invoked the one-minute rule in striking the jury.

The arguments concerning the denial of a request for a recess and the court's invocation of the one-minute rule were resolved adversely to the appellant in his direct appeal. *Jones v. State,* 249 Ga., supra at pp. 609, 610. As to the trial court's denial of the appellant's request for a sequestered voir dire, this is a matter within the

discretion of the trial court, and no abuse of discretion can be established without a showing of prejudice; no showing of prejudice has been made here. *Stinson v. State,* 244 Ga. 219 (2) (259 SE2d 471) (1979) and cits.; cf., United States v. Davis, 583 F2d 190 (5th Cir. 1978).

5. Fifth, the appellant argues that the introduction in evidence of his post-arrest statements to the police violated his constitutional rights in that the statements were made involuntarily and without benefit of *Miranda* warnings.

These statements were made to a private security officer who heard the investigating police officer's radio call for help, and he arrived at the scene to offer assistance. The security officer began asking the appellant questions in order to determine whether another person was on the premises. He asked the appellant what they were doing there, and the appellant responded that they had come to "burglarize the place." The appellant later told the security officer that, "There is a man in the back, hurt . . . he is hurt bad, he is bad hurt . . . he has been shot."

Pretermitting whether or not the giving of *Miranda* warnings was even necessary under these circumstances, the record shows that the appellant was given complete *Miranda* warnings by the investigating police officer before making these statements to the private security officer. See *Jones v. State,* 249 Ga., supra at p. 606; *Williams v. State,* 244 Ga. 485, 488 (260 SE2d 879) (1979) and cits. Furthermore, the record authorized the trial judge to find that the statements were voluntarily made.

6. Sixth, the appellant argues that the introduction in evidence of co-indictee Solomon's oral statement to police violated the appellant's constitutional rights.

In this statement, Solomon responded to the investigating police officer's question as to what he and the appellant had been doing by stating, "Burglarizing."

We agree with the habeas judge that any error in the admission of this statement was harmless, in view of the fact that the appellant's own statement to the same effect was properly admitted. See Div. 5, infra.

7. Seventh, the appellant argues that the trial judge's charge to the jury on malice unconstitutionally shifted the burden of persuasion to him as to this element of the crime of murder.

Specifically, the appellant complains of the portion of the jury charge wherein it was stated that, "Malice shall be implied when all the circumstances of the killing show an abandoned and malignant heart, which may be evidenced by the use of a weapon likely to produce death."

However, as recognized in Lamb v. Jernigan, 683 F2d 1332 (12) (11th Cir. 1982), this instruction is really a direction to the jury that the finding of malice must often be based entirely on circumstantial evidence, and, when viewed in the context of the entire charge, it could not have been reasonably viewed either as mandatory or as shifting the burden of persuasion to the appellant on this element of the crime.

8. Eighth, the appellant argues that his constitutional rights were violated by the prosecuting attorney's making improper statements during closing argument at the guilt-innocence phase of the trial. The statements referred to by the appellant consist of a comment by the prosecutor expressing his pride in the thoroughness of the police investigation of this case, as well as a comment that the prosecutor had seen what the victim went through and did not like it.

"To prevail on his claim of prosecutorial misconduct in this State habeas case, [appellant] must show that the prosecutor's actions were so egregious as to render the trial fundamentally unfair. [Cits.] The asserted error must be one of constitutional magnitude. [Cit.] This determination should be made by considering the totality of the circumstances; the prosecutor's conduct should be evaluated in the context of the entire trial." Hance v. Zant, 696 F2d 940, 950 (11th Cir. 1983).

As found by the habeas judge, the prosecutor did make certain remarks to the jury which could be construed as personal opinion, although not of the type condemned in such cases as *Hoerner v. State,* 246 Ga. 374 (4) (271 SE2d 458) (1980), and *Shirley v. State,* 245 Ga. 616 (1) (266 SE2d 218) (1980).

On the record before us, we cannot say that the habeas judge erred in concluding that the prosecutor's remarks were not so prejudicial as to render the trial fundamentally unfair.

9. Ninth, the appellant argues that his constitutional rights were violated by the prosecutor's use of portions of his post-arrest statements, which were suppressed, in cross-examining him in the sentencing phase of the trial.

This argument was resolved adversely to the appellant in his direct appeal. *Jones v. State,* 249 Ga., supra, at p. 610.

10. Tenth, the appellant argues that his constitutional rights were violated by the trial judge's denial of his motion for full recordation of the proceedings, including bench conferences.

The trial judge denied this motion on the ground that it was "virtually impossible" to comply with.

Citing *Davis v. State,* 242 Ga. 901 (1) (252 SE2d 443) (1979), the habeas judge concluded that denial of this motion by the trial judge provides no ground for habeas relief in that no prejudice has been

shown. We agree.

11. Eleventh, the appellant argues that his constitutional rights were denied by introduction of a prior Illinois robbery conviction in the sentencing phase of his trial, in that this conviction was tainted by reason of appellant's having received ineffective assistance of trial counsel.

The habeas judge gave the appellant 30 days from the date of the hearing to obtain a transcript of this prior conviction. The transcript was not obtained, and we cannot say that the 30-day period was inadequate. In any event, it is doubtful whether the Illinois conviction is even subject to collateral attack in the courts of Georgia. See *Callahan v. State,* 235 Ga. 359 (219 SE2d 717) (1975).

12. The remaining arguments have been resolved adversely to the appellant either in his direct appeal or by numerous previous decisions of this court.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 1984.

*John Matteson,* for appellant.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.