S90A1203. JONES v. THE STATE.
(401 SE2d 1)

BENHAM, Justice.

Jones was convicted of murder and sentenced to death and his conviction was affirmed in *Jones v. State*, 249 Ga. 605 (293 SE2d 708) (1982). After a federal district court overturned appellant's death sentence because of an erroneous charge on statutory aggravating circumstances and because the jury was permitted to have a Bible with it during deliberation, Jones filed a plea in bar asserting that the State could not seek the death penalty again. That plea was denied and Jones now appeals from that denial, asserting that the jury did not actually mean for him to be executed.

Appellant's assertion is based on the testimony of a juror. In *Hall v. State*, 259 Ga. 412 (383 SE2d 128) (1989), this court rejected a very similar challenge to a death sentence, holding that jurors would not be heard to say, after the fact, that they imposed the death penalty because they could not be assured that the defendant would serve a life sentence without parole. We see no significant difference between that case and this one. Jones' argument that the overturning of the death sentence means there is no verdict, thus taking this case

---

outside the rule against impeaching a verdict by the testimony of a juror, is without merit for two reasons: the federal district court did not render the verdict a nullity, but overturned it on special grounds; and Jones' attempt to show that the jurors meant to give him a punishment other than that indicated by the verdict is a direct attack on the veracity of the verdict and can be considered nothing else but an impeachment of the verdict.

Equally unavailing is Jones' argument that it was incumbent on the State, in order to carry its burden of proof, to bring in testimony from the rest of the jurors refuting the testimony of his juror-witness. Jones is correct that cases such as *United States v. Futch*, 637 F2d 386 (5th Cir. 1981), hold that once a defendant makes a prima facie nonfrivolous showing of a prior conviction, the government has the burden of proving by a preponderance of the evidence that the defendant is not being subjected to double jeopardy. However, since the reversal of a verdict will not prevent retrial unless the reversal is on account of a failure of proof (*Poland v. Arizona*, 476 U. S. 147 (106 SC 1749, 90 LE2d 123) (1986)), and the State showed in the present case that the overturning of Jones' death penalty was based on special grounds and not a failure of proof, the State's burden, in the absence of contrary evidence, was met. Since the juror's testimony was correctly not considered, there was no contrary evidence, and the State's burden was satisfied.

Under our holding in *Hall v. State*, supra, we find no error in the trial court's refusal to consider the testimony of a juror that the jury intended for Jones merely to be subjected to life imprisonment, and no error in denying Jones' plea in bar based on that testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*Jimmy Berry, Clive A. Stafford Smith, Michael Mears,* for appellant.

*Thomas J. Charron, District Attorney, James F. Morris, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.