S93A1246. JONES v. THE STATE.
(440 SE2d 161)

HUNSTEIN, Justice.

This is an interim appeal, granted pursuant to OCGA § 17-10-35.1, in which the state is seeking the death penalty.

Brandon Ashton Jones was convicted of murder and sentenced to death in 1979. His conviction and sentence were affirmed by this court. *Jones v. State*, 249 Ga. 605 (293 SE2d 708) (1982). In 1984 this Court affirmed the denial of Jones' petition for habeas corpus. *Jones v. Francis*, 252 Ga. 60 (312 SE2d 300) (1984). Subsequently, a federal district court overturned Jones' death sentence and ordered resentencing. *Jones v. Kemp*, 706 FSupp. 1534 (N.D. Ga. 1989). Thereafter, the trial court denied Jones' plea in bar maintaining that the state could not again seek the death penalty and this court affirmed. *Jones v. State*, 260 Ga. 794 (401 SE2d 1) (1991). The case is again before us for review of certain rulings relating to the resentencing trial.

1. The trial court did not err in denying Jones' request to charge the jury that if it decided to sentence him to life imprisonment, such sentence meant "that he should spend the remainder of his life in prison." *Hill v. State*, 263 Ga. 37, 46 (427 SE2d 770) (1993); *Bennett v. State*, 262 Ga. 149 (10) (b) (414 SE2d 218) (1992).

2. We find no error in the trial court's denial of Jones' motion to

dismiss the case due to alleged governmental overreaching. The record supports the trial court's finding that the assistant district attorney did not violate Jones' attorney-client privilege by merely obtaining the name of the attorney who represented Jones in criminal proceedings in Illinois.

3. The trial court did not err in quashing Jones' subpoena to the Cobb County District Attorney, thereby disallowing Jones to call the district attorney to the stand to be questioned regarding Jones' general allegations of racial discrimination in prosecution of "all" criminal cases, selection of juries, and the hiring of his staff. None of these matters relate specifically to Jones' case, and thus fail to meet the test in *McCleskey v. Kemp*, 481 U. S. 279 (107 SC 1756, 95 LE2d 262) (1987), in which the United States Supreme Court held that to support such a claim, not only must the criminal defendant prove " 'the existence of purposeful discrimination,' " 481 U. S. at 292, he must show that "the decisionmakers in *his* case acted with discriminatory purpose." Id.

> [P]olicy considerations behind a prosecutor's traditionally "wide discretion" suggest the impropriety of . . . requiring prosecutors to defend their decisions to seek death penalties, "often years after they were made."

Id. at 296. Because Jones "offers no evidence specific to his own case that would support an inference that racial considerations played a part" in the district attorney's decision to again seek the death penalty, id. at 292-293, Jones has failed to meet the required quantum of proof in this case.

4. Likewise, Jones' claim of racial discrimination in imposing the death penalty based on historical patterns in Cobb County must fail. Much of the evidence offered was not contemporaneous and was therefore insufficient to show current intent to impose the death penalty in a discriminatory manner. *McCleskey* at 298, fn. 20. Additionally, much of the evidence offered was speculative and, like the Baldus study rejected in *McCleskey*, "clearly insufficient to support an inference that any of the decisionmakers in [Jones'] case acted with discriminatory purpose." Id. at 297.

5. Although a reasonable juror might very well determine that there was no torture in this case, see *Jones v. Kemp*, supra at 1562, it is premature to rule on whether the evidence adduced by the state at the resentencing trial will be sufficient to justify instructing the jury regarding the crucial element of aggravating circumstance under OCGA § 17-10-30 (b) (7).

6. Jones argues that the trial court erred in denying three motions to suppress.

(a) During the 1979 trial of the case, the state was permitted to offer inculpatory statements of Jones' co-defendant, Van Solomon, made following their arrest. Solomon did not testify at trial. In his petition for habeas corpus before this court Jones argued that he was denied the right to confront Solomon at trial in violation of *Pointer v. Texas*, 380 U. S. 400 (85 SC 1065, 13 LE2d 923) (1965). This court held that any error was harmless because Jones' independent statements to police officers were cumulative of the statements made by Solomon. *Jones v. Francis*, supra at 63. The federal habeas court which granted appellant a resentencing trial reached the same result. *Jones v. Kemp*, supra at 1553.

Relying on *Pointer v. Texas*, supra, and *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), Jones now argues that the trial court erred in denying his motion to suppress the admission of Solomon's statements at the resentencing trial. We agree.

The admission of Solomon's incriminating statements violated Jones' right of cross-examination secured by the Sixth Amendment. Id. In analyzing this error on habeas corpus, we found it to be harmless because Jones' own incriminating statements, virtually identical to those of Solomon, were admitted. However, the original error in admitting Solomon's statements at trial may not be perpetuated on the ground that it continues to be "harmless." Solomon's incriminating statements may not be admitted at the resentencing trial.

(b) The trial court did not err in denying the motion to suppress statements Jones made to Alex Woolard at the scene of the crime. *Jones v. Francis*, supra at (5); *Jones v. Kemp*, supra at 1551.

(c) The record shows that a van was found by police at the scene of the crime and searched, as is permissible in this situation. See *Delay v. State*, 258 Ga. 229 (2) (367 SE2d 806) (1988). Further because the van belonged to Solomon and Jones was merely a passenger in it, Jones lacks standing to challenge the search and seizure of the van's contents. *Keishian v. State*, 202 Ga. App. 718 (415 SE2d 324) (1992).

7. Under the circumstances of this case, the trial court did not err in denying Jones' motion to require the district attorney to disclose any ties his office might have with prospective jurors, given that Jones may pursue this line of questioning during voir dire. OCGA § 15-12-133.

8. The trial court did not err in denying Jones' motion to eliminate from the oath the crimes with which he is charged. OCGA § 17-8-52.

9. (a) The trial court did not abuse its discretion in denying Jones' request that witnesses be sequestered for voir dire. The trial court ruled that it would exclude all witnesses from voir dire, with the exception of one for the state, and would give cautionary instructions that the witnesses not discuss the case among themselves. Further,

the trial court stated that it would invoke the rule of sequestration during voir dire if circumstances dictated it. We find no error.

(b) The trial court has a discretion to control voir dire, *Hall v. State*, 259 Ga. 412, 414 (1) (383 SE2d 128) (1989), including whether to send a juror questionnaire out with the juror summons. The trial court did not abuse its discretion in denying appellant's motion to send out juror questionnaires.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Benham, J., who concurs in the judgment only.*

DECIDED FEBRUARY 21, 1994 —
RECONSIDERATION DENIED MARCH 11, 1994.

*Michael Mears, Jimmy D. Berry, Clive A. Stafford-Smith,* for appellant.

*Thomas J. Charron, District Attorney, W. Thomas Weathers III, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.