## A99A1139. ALLEN v. THE STATE.
(522 SE2d 502)

MILLER, Judge.

Jerry Allen was convicted of two counts of aggravated child molestation, two counts of child molestation, and simple battery. His sole ground for appeal is that the trial court erred in denying his motion to use a written questionnaire to discern whether any potential jurors (or their family members or close friends) had been sexually molested as a child.[1] The court found Allen presented nothing persuasive showing that jurors would not respond truthfully to oral questions.

Citing OCGA § 15-12-133 and *Cowan v. State*, 156 Ga. App. 650, 651 (275 SE2d 665) (1980), Allen argues the court was required to allow him to propound the questions via a written questionnaire to ensure candid answers from the jurors. Nothing in the statute nor in *Cowan* stands for this proposition. These authorities simply establish a defendant's right to question jurors individually, but control of that examination "is normally within the discretion of the court. *Whitlock v. State*, 230 Ga. 700, 706 (5) (198 SE2d 865) (1973)." Id.

Holding that the right to examine jurors individually did not encompass isolated examination, *Whitlock* explained:

> The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review.

230 Ga. at 706 (5).

---

[1] The State's claim that this matter was not preserved for appellate review is without merit. A party is not required to except to adverse rulings on his motions. *Cowan v. State*, 156 Ga. App. 650, 651 (275 SE2d 665) (1980).

Whether voir dire questions are propounded in writing or orally is a matter that falls within the sound discretion of the trial court. *Jones v. State*, 263 Ga. 904, 907 (9) (b) (440 SE2d 161) (1994) (written questions disallowed); *Baxter v. State*, 254 Ga. 538, 542 (5) (b) (331 SE2d 561) (1985) (written questions disallowed); *Wallace v. State*, 248 Ga. 255, 261 (5) (282 SE2d 325) (1981) (written questionnaire allowed). Voir dire below was not transcribed, and, after voir dire was complete, Allen had no challenge to the jury selected. We discern no manifest abuse of discretion in the disallowance of Allen's written questionnaire.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 10, 1999.

*Straughan & Straughan, Mark W. Straughan*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.