A01A1732. HARDWICK v. THE STATE.
(551 SE2d 789)

ELDRIDGE, Judge.

A Clayton County jury convicted Jarvis Lee Hardwick of armed robbery (Count 1), false imprisonment (Count 2), and possession of a firearm during the commission of a felony (Count 3) arising out of circumstances in which the defendant and his co-defendant accomplice held Timothy Crawford at gunpoint in his home, robbed him of approximately $1,500, and left him handcuffed to the door of his refrigerator. The defendant was sentenced as a recidivist to life imprisonment as to Count 1, ten years to serve as to Count 2 concurrent with Count 1, and five years to serve upon Count 3 consecutive to his sentences as to Counts 1 and 2. He appeals from the denial of his motion for new trial, as amended. Finding his claims of error to be without merit, we affirm.

1. Defendant contends that the superior court erred by denying his motion for new trial, arguing that he was entitled to rely on the accuracy of the juror data sheet[1] he was provided as reflecting that a juror had not previously served on a criminal jury in lieu of questioning the juror on the issue on voir dire.[2] This court has consistently

---

[1] The juror data sheet is a document prepared by the superior court clerk and supplied to counsel and the trial judge purporting to provide biographical data, inclusive of prior jury service, on prospective jurors.

[2] Neither examination as to what verdict had been reached in an unrelated case in which a prospective juror previously served as a juror nor examination as to the nature of such juror's participation in reaching a verdict therein is proper on voir dire as immaterial. *McGinnis v. State*, 135 Ga. App. 843, 844-845 (2) (219 SE2d 485) (1975); *Jackson v. State*, 172 Ga. App. 359, 363 (7) (323 SE2d 198) (1984).

held that OCGA § 15-12-133 gives criminal defendants an absolute right to question potential jurors for the purpose of ascertaining their impartiality and capacity to treat the cause of action on the merits objectively and without bias and free from prejudgment of any sort. *Whitlock v. State*, 230 Ga. 700, 706 (5) (198 SE2d 865) (1973); *Allen v. State*, 239 Ga. App. 899 (522 SE2d 502) (1999); *Sanders v. State*, 204 Ga. App. 37, 38 (1) (419 SE2d 24) (1992). OCGA § 15-12-132 makes the administration of an oath to jurors mandatory to ensure their truthfulness in answering questions put to them during the voir dire of all cases. *Ates v. State*, 155 Ga. App. 97, 98 (2) (270 SE2d 455) (1980). Moreover, it is settled that a new trial will not be granted as to claimed error on voir dire unless the movant can show that a juror failed to answer (or to answer honestly) a material question on voir dire and then can further demonstrate that a correct response would have established a valid basis for a challenge for cause. *Gainesville Radiology Group v. Hummel*, 263 Ga. 91, 94 (428 SE2d 786) (1993). While the defendant nonetheless argues that he should have a new trial for his reliance on information provided by the superior court clerk's juror data sheet in lieu of voir dire thereon, it is clear that there is no reasonable basis for such relief. To adopt the rule the defendant urges would be to sanction the substitution of no more than an unsworn business record[3] for sworn voir dire as a means of identifying potential juror prejudice. This we decline to do.

2. The defendant also contends that a new trial is warranted in that the superior court commented on what had been proved in violation of OCGA § 17-8-57 by sua sponte instructing the jury that a witness' answer rather than the question constitutes the evidence at trial limiting his impeachment of the victim on cross-examination. We disagree.

Pertinently, the record shows that on cross-examination the victim denied having accused the defendant of hitting him on the neck with a pistol. When defense counsel sought to impeach the victim by asking him to read his statement to police to the contrary, the victim testified he was unable to do so for inability to read or write and that his "sister" had written the statement as a result. Asked a leading question[4] in which defense counsel referred to the victim's sister as the author of the statement, the victim changed his testimony, indicating that his former wife had authored the statement. On this, the superior court sua sponte instructed the jury that a witness'

---

[3] See *Thomas v. State*, 208 Ga. App. 367, 370 (430 SE2d 768) (1993) (Pope, C. J., concurring specially) (juror data sheet as unsworn, incomplete, and insufficient to determine *Batson* issue arising on voir dire).

[4] Defendant's counsel asked the victim, "Did you — when you had your sister write your statement, did she read the statement to you before you signed it?"

"answers are evidence, not the questions." The superior court then gave defendant's counsel an opportunity to restate her question.[5] Without objection, defendant's counsel did so, establishing that the statement had been written by a person other than the victim identified only as Doris Crawford. There was no motion for mistrial. On these facts, we conclude that the superior court neither expressed an opinion nor commented on what had been proved. *Caldwell v. State*, 247 Ga. App. 191, 197 (1) (b) (542 SE2d 564) (2000) ("Telling a jury that they are bound by the evidence presented at trial, as opposed to factually baseless questions, neither expresses an opinion as [to] whether the evidence actually proved the fact contained therein nor expresses an opinion as to the credibility of the witness from [which] the evidence is derived."). Inasmuch as we thus find no violation of OCGA § 17-8-57, we need not weigh the facts against the plain error rule. See *Paul v. State*, 272 Ga. 845, 848-849 (2), (3) (537 SE2d 58) (2000) (violation of OCGA § 17-8-57 for intimation of an opinion on the evidence waived in the absence of objection or motion for mistrial unless plain error present); see also *Caldwell v. State*, supra at 194 (1).

Finally, the defendant claims that the superior court erred in denying him a new trial for its refusal to allow cross-examination of the victim attributing the victim's delay in reporting the robbery to police to time the victim needed to destroy drugs in his home and its failure to require the victim to give direct responses to defendant's questions on cross-examination. That defendant did not raise these issues in his enumeration of error, they are not properly before us and cannot be further considered. An enumeration of error cannot be enlarged by a brief on appeal for the purpose of "giv[ing] appellate viability to an issue not contained in the original enumeration. One cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold." (Citations omitted.) *In re Estate of Jackson*, 241 Ga. App. 392, 395 (3) (526 SE2d 884) (1999).

3. Defendant last contends that the denial of his motion for new trial was error in that, on cross-examination, the state's attorney placed his character in issue by asking him, "All right. You shot someone in Augusta though, haven't you?"

The record reflects that the complained-of question came as the state's attorney began his cross-examination of the defendant. The defendant's only response was "Sir?" Defendant's counsel objected as the state's attorney started to ask the question a second time, and the superior court sustained defense counsel's objection interposed

---

[5] The superior court instructed counsel, "All right. You may correct that."

immediately thereafter. No curative instruction was sought. None was given. Neither was there a motion for mistrial on this account. Nothing of record indicates that the defendant requested a charge on the issue. None was given. We conclude, however, that it is highly probable that error, if any, did not contribute to the judgment of conviction. In this regard, the superior court sustained the objection to the question, and there was no answer. "Where an objected-to question is not answered by the witness, there is no harmful error. *Jackson v. State*, 233 Ga. 529, 531 (4) (212 SE2d 366) (1975)." *Stevens v. State*, 195 Ga. App. 324, 326 (393 SE2d 482) (1990). In any event, the import of the question was already in evidence as res gestae,[6] foreclosing prejudice to the defendant on this basis. See *Touchton v. State*, 210 Ga. App. 700, 702 (3) (437 SE2d 370) (1993). Thus, any error was harmless. "There is no remedy for error without harm. *Robinson v. State*, 229 Ga. 14, 15 (1) (189 SE2d 53) (1972)." *Stevens v. State*, supra.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED JULY 3, 2001.

*Margot S. Roberts*, for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

---

[6] On direct examination, the state's attorney asked the victim what the defendant said to him while holding him at gunpoint at the time of the robbery. The victim replied, testifying,

> It was a lot of conversation going on and when the [co-defendant] handcuffed me to the kitchen, I told — [the co-defendant] said something about don't say nothing to my mama and daddy about it and [the defendant] said something about we'll be back if he do and something about it wouldn't matter to me because *I'm already done killed [once]*, and I'll kill you too.

(Emphasis supplied.)