**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 23, 2021**

# In the Court of Appeals of Georgia

A21A1074. DUKES v. THE STATE.

PIPKIN, Judge.

Following a jury trial, Appellant Edward Samuel Dukes was convicted of various criminal offenses[1] in connection with the shooting of Destinee Neal. Dukes filed a timely motion for new trial, which the trial court denied. Dukes now appeals the denial of his motion for new trial. For the reasons more particularly explained below, we affirm.

At the outset, we note that Dukes' failure to comply with this Court's rules has hampered our review of this case. Part One of Dukes' brief includes a section titled

---

[1] On March 7, 2018, Dukes was convicted of criminal attempt to commit murder, kidnapping with bodily injury, aggravated battery, aggravated assault, possession of cocaine with intent to distribute, possession of a controlled substance, and possession of a firearm during the commission of a felony.

"Statement of Case," which combines a statement of fact with cursory argument; this section is largely limited to single-sentence arguments and includes no application of relevant law to the facts. Part Three, which is titled "Argument," contains two subsections, the first of which alludes to the standard of review, while the second is a one paragraph recapitulation of the arguments presented in Part One; this portion of the brief is entirely devoid of any meaningful analysis or citation to legal authority. In fact, Dukes' brief does not contain a single citation of authority. His brief also fails to identify the method by which each enumeration of error was preserved for consideration as required by Court of Appeals Rule 25 (a) (1). To the extent that this Court can discern Dukes' arguments, we will address them.

1. Dukes asserts that the trial judge was biased against him. Dukes is not entitled to relief on this claim.

Dukes argues that "numerous comments were made by the trial judge which indicated that she had predetermined that he was guilty." In support of this argument, Dukes points to statements by the trial court that Dukes could be removed from the courtroom if he behaved in a manner that the court deemed disruptive. We fail to see how this admonishment is indicative of bias. A trial judge has the power to maintain order in the courtroom, *Pleas v. State*, 268 Ga. 889, 891 (3) (495 SE2d 4) (1998), and

it is within the bounds of the trial court's authority to remove a defendant from the courtroom after warning him or her that continued disruptive behavior will result in removal. *Weaver v. State*, 288 Ga. 540, 542 (3) (705 SE2d 627) (2011). Importantly, this admonition occurred outside the presence of any potential jurors.[2] Dukes has failed to identify any law, judicial canon, or other code of conduct that the trial court violated in admonishing him regarding his courtroom behavior. Accordingly, this argument is without merit.

2. Dukes also argues that, because of a conflict between Dukes and trial counsel, counsel should have been disqualified from representing him. Once again Dukes offers little in support of this argument and asserts that because "counsel called him a liar in open court," both counsel and the trial court should have disqualified counsel from further representing him.

Dukes' brief does not explain the reason for his dissatisfaction with trial counsel, but he does point to a discussion in the transcript between counsel and the trial court regarding discovery, complaining that he did not have an opportunity to review discovery provided by the State in his case. Trial counsel denied those claims and

---

[2] See OCGA § 17-8-57 (a) (1) (prohibiting judges from expressing an opinion to the jury "as to whether a fact at issue has or has not been proved or as to the guilt of the accused").

3

stated that he provided copies of the discovery to Dukes well in advance of trial and reviewed the State's evidence with him in person, discussing trial strategy and potential defenses.

While the record certainly reflects that there was some disagreement between Dukes and trial counsel, the trial court was authorized to conclude that Dukes' request for a change of counsel was a delay tactic. Dukes does not point to "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between counsel and client" that would require dismissal of appointed counsel. *Bryant v. State*, 268 Ga. 616, 617 (2) n.4 (491 SE2d 320) (1997). "The Sixth Amendment guarantees effective assistance of counsel, not preferred counsel or counsel with whom a meaningful relationship can be established." (Citation and punctuation omitted.) *Wright v. State*, 356 Ga. App. 597, 598 (848 SE2d 467) (2020). The record indicates that trial counsel represented Dukes for approximately 13 months prior to trial but that Dukes did not attempt to retain new counsel until after the case was set for trial.[3] Further, the trial court was authorized to believe trial counsel's representations

---

[3] Four days before Dukes' trial began, an attorney appeared in court at the requests of Dukes' family but ultimately announced to the court that he would not be able to represent Dukes.

regarding their communication and preparation over Dukes' allegations. Id. at 600 (1). Accordingly, this argument is without merit.

3. Dukes argues that the entire panel of jurors was tainted after several jurors expressed possible bias during jury selection and that the proper way to conduct jury selection is by questioning each juror individually. This argument is without merit.

The management of voir dire is within the trial court's sound discretion, which we will not disturb absent abuse. *Heng v. State*, 251 Ga. App. 274, 279 (4) (554 SE2d 243) (2001). And as this Court explained in *Allen v. State*, "the right to examine jurors individually [does] not encompass isolated examination." 239 Ga. App. 899, 899 (522 SE2d 502) (1999).

"Generally, dismissal of a jury panel is required when, during voir dire, a prospective juror relays information that is specific to the defendant and germane to the case for which the defendant is on trial. Dismissal is not required, however, when the statements establish only gossamer possibilities of prejudice." (Citation and punctuation omitted.) *Logan v. State*, 265 Ga. App. 134, 136 (3) (593 SE2d 14) (2003). Here, after the trial court read the indictment, a number of jurors responded in the affirmative when asked whether they harbored any bias for or against the accused and whether they formed an opinion regarding Dukes' guilt or innocence. None of those

5

jurors provided specific statements regarding Dukes or the case at issue, nor were any of those jurors seated on the jury. Additionally, the trial court thereafter granted defense counsel's request to conduct individual voir dire. Accordingly, Dukes is not entitled to relief here.

4. Dukes also argues that he was denied a fair trial because he was improperly placed in solitary confinement. We disagree.

During jury selection, the State alleged Dukes had communicated with a person outside of the jail in an attempt to influence a witness or witnesses in the case, and the State requested that Dukes be held in solitary confinement while at the detention center. Based on those allegations, the court granted the State's motion and ordered that Dukes was to have no phone privileges.

Again, Dukes' argument is limited to a single sentence and his brief does not offer any reasoned analysis in support of his argument or otherwise explain how being placed in solitary confinement while at the detention center adversely impacted his right to a fair trial. Dukes does not argue or otherwise identify anywhere in the record where he was denied access to his attorney or legal documents or otherwise denied "meaningful access to the courts." (Citation and punctuation omitted.) See *Blaine v. State*, 305 Ga. 513, 520 (3) (826 SE2d 82) (2019).

6

Finally, in addition to being placed in solitary confinement at the detention center, Dukes was also absent from the courtroom during various stages of the proceedings; he was held in a holding cell at the courthouse, equipped with audio such that he could hear the proceedings in the courtroom as they were happening. While a criminal defendant has a right to be present during all critical stages of the proceedings, *Champ v. State*, 310 Ga. 832, 840-841 (2) (b) (854 SE2d 706) (2021), that right "belongs to the defendant, and he is free to relinquish it if he so chooses," (Citation and punctuation omitted.) *Brewner v. State*, 302 Ga. 6, 11 (II) (804 SE2d 94) (2017). "The right to be present is waived if the defendant personally waives it in court[.]" (Citation and punctuation omitted.) Id. Here, after being instructed of his right to be present, Dukes repeatedly announced in open court, during the course of the trial and in the presence of counsel, that he did not want to sit with counsel in the courtroom and elected to sit in a holding cell at the courthouse during the proceedings. To the extent that Dukes can be understood to be challenging his absence from the courtroom, we conclude that Dukes voluntarily waived his right to be present during his trial. See *Coley v. State*, 272 Ga. App. 446, 449 (3) (612 SE2d 608) (2005) ("[Defendant] was voluntarily absent from the trial, and thus he waived his right to be present.").

*Judgment affirmed. Miller, P. J., and Hodges, J., concur.*

7